ANTOINETTE BROWN, Appellant, *v.* CHARLES T. GOODWIN
et al., Executors, etc., Respondents.

A *lis pendens* asserting a right in lands hostile to that claimed by plaintiff,
and a judgment determining that defendant has the right asserted in the
*lis pendens* are a cloud upon plaintiff's title, if he has a title as claimed
by him, and an action is maintainable to remove such cloud.

Until however plaintiff shows a right to the lands he cannot question the
claim of any other person thereto.

*It seems* that a party is not required, in a notice of *lis pendens,* to antici-
pate and state all the defects which may appear in the proof of another
claimant of the land on the trial of any action which the latter may bring.

The recitals in a deed from a United States collector of internal revenue
are not sufficient *prima facie* to make out a right in him to sell and
convey.

The provision of the United States Statutes (U. S. R. S., § 3199) providing
that a deed given by a collector on sale for taxes shall be *prima facie*
evidence of the facts therein stated, makes it only evidence of the facts
which by statute are required to be stated therein, *i e.,* that the real estate
described was purchased at the official sale, the name of the person
for whose taxes it was sold, the name of the purchaser, the price paid
therefor (§ 3198), and the other facts required by the law of this State on
a conveyance by a sheriff on a sale of real estate on execution, to wit:
that the premises have not been redeemed according to law, etc.

Under said statute there is no lien upon real estate for taxes until notice
and demand of the tax and neglect or refusal to pay, and no right to
seize and sell until there is a failure to find personal estate. (§§ 3172,
*et seq.*)

In order to establish title therefore under such a deed, these prerequisites
to the right to seize and sell, and also the assessment of the tax and notice
of sale of the real estate must be shown by evidence *aliunde* the deed.

Where, in an action brought by one claiming title under such a deed to
set aside a *lis pendens* and judgment as a cloud on his title, defendant
is not estopped from objecting to the failure in plaintiff's proofs to estab-
lish the collector's right to sell, by the fact that he did not give notice at
the sale that the collector could give no title thereby.

(Argued November 21, 1878; decided December 10, 1878.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, affirming a
judgment in favor of defendants, entered upon a decision of
the court on trial at Special Term.

This action was brought to set aside two *lis pendens* and a judgment recovered by defendants as an alleged cloud on plaintiff's title to the premises described therein.

The complaint alleged, and the court found, in substance, that the premises in question were conveyed to Gertrude W. Sharkey, in January, 1866. Defendants' testator thereafter recovered a judgment against Marquis D. L. Sharkey, and commenced an equity action thereupon against Sharkey and wife to reach said premises, alleging that the same were in fact purchased and paid for by Sharkey and conveyed to his wife in fraud of his creditors. Two notices of *lis pendens* were filed in said action. Judgment was perfected in said action to the effect that said Sharkey had an equitable interest in said premises to the extent of $12,000, and adjudging that said interest should be applied upon said judgment.

Plaintiff claimed title to the premises under a deed executed by a United States collector of internal revenue. The only evidence of title given by plaintiff was the said deed and the recitals therein and a conveyance from the purchaser to plaintiff. The recitals in the deed were as follows:

" Whereas, a warrant was heretofore duly issued by the collector of the United States internal revenue, in and for the fourth collection district in the State of New York, bearing date February 15, 1867, to the said party of the first part, on an assessment made by the assessor of said fourth district, and entered on the list of collections for the month of November, 1866, against S. M. Bailey, John Vaut, J. J. Yates, Mrs. G. W. Sharkey, Alex. Ross, and David O'Neil, doing business under the firm names and styles of Alex. Ross & Co., Ross, Storms & Co., and David O'Neil at 208 Fulton street, New York, for the non-payment of taxes assessed against them. And whereas, there were no goods or chattels from which the said assessment could be collected or any part thereof, and whereas, the lands, and real estate hereinafter described, were duly seized by the said party of the first part, under and by virtue of said warrant,

and were duly sold by him at public auction in the town of Skaneateles, State of New York, on the 22d day of June, 1867, to the said party of the second part, for the sum or price of $5,400, that being the highest sum bidden and he being the highest bidder therefor, due notice and publication of the said time and place of said sale having been first duly given and made according to law, and whereas, at the time of said sale, the certificate required by law was given by the party of the first part, to said party of the second part, and which contained a statement of all the above recited matters, and whereas, said certificate has now been surrendered by the said party of the second part, to the said party of the first part, and whereas, more than one year has elapsed since said sale was made, and said real estate has not been redeemed from said sale, nor any part thereof."

*T. C. Cronin*, for appellant. Plaintiff is entitled to have the *lis pendens* removed because of defendant's delays. (*Kingsman* v. *Kingsman*, 1 Russ. & Mylne, 617; *Gore* v. *Stackpole*, 1 Dow., 30; Bailey Equity, 244; *Turner* v. *Crebill*, 1 Ohio, 372.) The deed to plaintiff was sufficient. (U. S. R. S., §§ 3198, 3199, p. 618; *Colman* v. *Shattuck*, 62 N. Y., 348.) Defendants are estopped by their acts from objecting to plaintiff's title. (*Blair* v. *Wait*, 69 N. Y., 113; *Erie C. S. Bk.* v. *Roop*, 48 id., 292; *Forest* v. *Quackenbush*, 18 Abb., 3; *Tilton* v. *Nelson*, 27 Barb., 595; *Hogan* v. *City Brooklyn*, 52 N. Y., 282; *Mattoon* v. *Young*, 45 id., 696; *Voorhies* v. *Olmsted*, 3 Hun, 744; 66 N. Y., 113; *Maynard* v. *Anderson*, 54 N. Y., 641; *Foot* v. *Bryant*, 47 id., 544; *Church* v. *Kidd*, 3 Hun, 254; *Rider* v *U. I. Co.*, 4 Bosw., 169; *Christinanson* v. *Linford*, 19 Abb., 22.)

*Rastus S. Ransom*, for respondents. The United States never acquired a lien on the property in question. (U. S. R. S., §§ 3186, 3187, 3197, 3199.) In the execution of a power to sell lands as forfeited for non-payment of taxes, a strict compliance with all the material requirements of the statute

authorizing a sale is required ; if any of them are disregarded, no title passes. (*Steadman* v. *Course*, 4 Cranch, 403; 4 Abb. Nat. Dig., 267; 2 Robt., 153; *Atkins* v. *Kinnan*, 20 Wend., 240; *Sharp* v. *Spiner*, 4 Hill, 16; *Hoyt* v. *Dillon*, 19 Barb., 649; *Morris* v. *Village of Rochester*, 17 Alb. Law Jour., 57; *Bloom* v. *Burdick*, 1 Hill, 130; *Leggett* v. *Rogers*, 9 Barb., 406; *Beekman* v. *Bingham*, 5 N. Y., 366; *Varic* v. *Talman*, 2 Barb., 113.)

FOLGER, J. This is a suit in equity, brought by the plaintiff to remove a cloud upon her title to lands. The alleged cloud consists of two *lis pendens*, filed by the testator of the defendants, and a judgment recovered by the defendants. The *lis pendens* assert a right in the lands hostile or paramount to the right of the plaintiff alleged by her, and the judgment determines that the defendants as executors have the right asserted in the *lis pendens*. Doubtless they are a cloud upon her title, if she has the title which she claims.

This appeal can be determined by a consideration of the single question, whether the plaintiff upon the trial of this action made out a title in herself to the lands.

The title so far as shown hangs upon a deed from the United States collector of internal revenue in and for the twenty-third collection district in the State of New York ; and to be more definite than that, it hangs upon this, whether the recitals in that deed are sufficient *prima facie*, to make out a right in him to sell and convey.

The recitals in a conveyance have no more force against third persons not parties to it, than is given to them by positive law. We must look for positive law in this case, to the statutes of the United States, for the collection of the internal revenue.

Section 3198 of the United States Revised Statutes ; which is treated by the counsel for the parties as a correct statement of the statute law affecting the transaction ; provides that upon the sale of real estate, and the payment of the purchase-money, the officer making the seizure and sale,

shall give to the purchaser, a certificate of purchase, which shall set forth the real estate purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor. This is all that by the law, is required to be set forth in that certificate. The same section further provides, that if the real estate be not redeemed according to law, the officer shall execute to the purchaser on his surrender of that certificate, a deed of the real estate reciting the facts set forth in the certificate, and in accordance with the laws of the State in which the real estate is situate upon the subject of the sales of real estate under execution. Section 3199 provides that the deed thus given, shall be *prima facie* evidence of the facts therein stated, and that if the proceedings of the officer as set forth, have been substantially in accordance with law, the deed shall operate as a conveyance of all the right, of the party delinquent, in the real estate, at the time the lien of the United States attached thereto. This provision, that the deed shall be *prima facie* evidence of the facts stated in it, makes such evidence, only those facts which by law are authorized or required to be stated in it. (*Marsh* v. *City of Brooklyn,* 59 N. Y., 280.) Hence the deed in this case is *prima facie* evidence ; 1st. That the particular real estate described in it was purchased at the official sale ; 2d. That it was sold for the taxes, among others, of Gertrude W. Sharkey ; 3d. That Henry J. Hubbard, the grantor of the plaintiff, was the purchaser ; 4th. That he paid therefor the price of $5,500. It is *prima facie* evidence of no other facts, save those which are needed by the laws of this State on a conveyance by a sheriff on a sale of real estate on execution. Those are that the premises have not been redeemed according to law, and perhaps other matters which do not affect the question before us here. (2 R. S., p. 373, § 62.) It is seen at once, that the matters which are made *prima facie* evidence, do not show how the United States got a right to sell these lands. It is provided by statute, that the collectors of internal revenue shall inquire after persons liable to pay a tax (U. S. R. S., § 3172) ;

returns are to be made or compelled (id., §§ 3173–3181) ; the commissioner of internal revenue is to make assessments and certify them to the proper collector (id., § 3182) ; the collector shall give ten days' notice to pay the tax, stating the amount and demanding payment. (Id., § 3184.) It is not until there has been neglect or refusal to pay the tax, after that notice and demand, that the amount of it becomes a lien in favor of the United States (id., § 3186) ; nor until then, can the collector distrain and sell (id., §§ 3187–3188) ; nor can real estate be seized and sold for a tax, until there is a failure to find goods, chattels or effects, sufficient to satisfy the tax (id., § 3196) ; there must also be given to the party, a notice of the property to be sold, and the time and place of sale. (Id., § 3197.)

Thus it is seen, that there is no lien until notice and demand of the tax, and neglect or refusal to pay ; and no right to seize and sell real estate, until there is a failure to find personal estate. These things are prerequisites, to the right to seize and sell lands, or an interest in them. There can be no legal sale without they exist theretofore. And no legal sale can be shown, until it is shown that these things did exist theretofore. But the authorized recitals in the deed in hand, did not show these things ; nor was there any proof of them *aliunde.* How then did the plaintiff make out an authority in the United States collector to sell these lands to her grantor ? She did not make it out. The cases cited in the opinion delivered at Special Term are sufficient to sustain this view. (*Williams* v. *Peyton,* 4 Wheaton, 77; *Mohan* v. *Davis,* 4 McLean, 211; *Jackson* v. *Shepard,* 7 Cow., 88.)

*Colman* v. *Shattuck* (62 N. Y., 348), relied upon by appellant, is not in conflict with these views. By the law under which that case was decided, the comptroller's deed was made " presumptive evidence that the sale and all proceedings prior thereto, including the assessment of the land," etc., were regular and in accordance with law ; quite a different and more extensive provision than that here.

It is true that § 3199 above cited, provides that the deed

shall be considered, and operate, as a conveyance of all the right, title and interest, which the party delinquent had in and to the real estate at the time the lien of the United States attached thereto.  It only so operates however, if the proceedings of the officer as set forth in the deed have been substantially in accordance with law.  The word "if," implies that all the prerequisites must exist to make his proceedings as set forth ; that is those authorized to be set forth ; according to law.  Before a tribunal can know that they did exist, the existence of them must be proven to it.  The assessment of the tax, the notice and demand of it, the failure to find personal estate to satisfy it, and the notice of seizure of real estate, are needful prerequisites to be shown, to make the sale, and certificate of sale, and giving of the deed, in accordance with law.  They may not, as we have seen be proven *prima facie* by the recitals of the deed ; and there was no other evidence of them.  See *Hilton* v. *Bender* (69 N. Y., 75).

We do not think it needful to examine any other grounds claimed by the respondents, why the plaintiff cannot maintain her action.  It is enough for this appeal that we hold that the recitals in the deed, do not make the proof she need to adduce.  Nor is it needful to consider the points made by the appellant as to the inequitable character of the defendants' relation to these premises.  Until the plaintiff shows a right to the lands, she shows no right to question any other persons claim to it.  Nor does the claim that the *lis pendens* filed by the defendants, failed to set forth the defect now found in the appellant's proofs avail her.  It does not appear that she has been misled, by relying upon its statements, or its lack of fulness of statement.  And if this were not so, we should hesitate to say, that a party is required in a notice of *lis pendens*, to anticipate and state all the defects which may appear in the proof of another claimant of the land, on the trial of any action which the latter may bring. Kindred to this is the claim that the defendants are estopped from objecting now to the failure in her proofs, because at the

collector's sale they did not give notice that he could give no title by his sale for that no government lien had attached for want of a notice and demand of the tax, and the like. The elements of an estoppel are not here. It does not appear that the defendants had that knowledge then, or that the plaintiff's grantor, Hubbard, bought and paid for the land, relying upon the absence of those particulars from the notice of the defendants, or that he was induced thereby to make his bid and fulfill it.

As the case comes to us, it is one of a failure of proof to establish an important part of the plaintiff's case. The defendants at the trial took advantage of that failure. It does not appear that there did not exist, just what it is needful for the plaintiff to show did exist; nor but that it may be possible for proof to be made thereof at another time. How then can we hold, that the defendants were derelict in not at some time prior to the trial, giving notice that such defects existed? Nor was any such position taken by the appellant at the trial.

We see no principle on which we can hold with this appellant upon this ground.

The judgments appealed from should be affirmed.

All concur, except ANDREWS, J., taking no part.

Judgments affirmed.