# MURPHY, ET AL., *v.* SEARS AND HOLMAN.

REAL PROPERTY—ADVERSE CLAIMS TO—JURISDICTION.—It is not essential to the jurisdiction in a suit brought under § 500 of the code, to determine an adverse claim to real property, that such claim should constitute a technical "cloud on title," as the term is understood in general equity jurisprudence; it is enough if calculated to create doubt and uncertainty in respect to the title of the true owner, or if operating injuriously, in anyway to his enjoyment of, or beneficial dominion over such property. Any attempt persisted in to have such property sold on an execution against a third party, amounts to an "adverse claim" within the meaning of the statute.

APPEAL from Polk County.

*Daly & Butler*, for respondents.

*W. H. Holmes*, for appellants.

By the Court, WATSON, C. J.:

The respondents brought this suit to quiet their title to certain real property situated in Polk county. They allege both title and possession in themselves; and that Beeler, for whom the appellant Sears was substituted, procured an execution to be issued upon a judgment recovered by him against David and Ellen Roher, in the circuit court of said

county on December 6, 1881, and caused the appellant Holman, sheriff of said county, to levy on said property, the same having been previously attached in the action in which said judgment was rendered, and ordered sold, and to advertise the same for sale, and unless restrained said property will be sold according to such advertisement. They also allege that Ellen Roher, one of the parties against whom said judgment was taken, was deceased at the time the action was commenced in which said judgment was obtained, and that David Roher, the other party against whom the judgment was taken, was a non-resident and not within the state, and had no property therein when said action was begun and when said judgment was obtained, and that the court rendering the same had no jurisdiction over either of said parties. The prayer is that the judgment against David and Ellen Roher be declared null and void; that the sale of the property on said execution be perpetually enjoined, and for general relief.

The appellants filed a general demurrer to the complaint, which being overruled, they refused to answer over, and a decree was rendered against them as prayed for in the complaint. The appeal is from this decree. It is needless to consider the allegations in the complaint designed to show want of jurisdiction in the court at the time the judgment against David and Ellen Roher was rendered. There is nothing in the complaint to show any connection between either David or Ellen Roher and the title and possession of the respondents. Whether that judgment should be held valid or void, cannot, upon such a state of facts, make the least possible difference to them. The judgment itself cannot be considered as a cloud on their title, in any view, since it does not appear that their title is derived from or through either of the defendants therein. The

case made by the complaint is that of an owner of the legal title, and in actual possession of real property, seeking in equity, to enjoin a sale thereof on an execution against the property of a third party. The suit could not be maintained at common law, but is well brought under section 500 of the code of civil procedure. The sale and sheriff's ·deed to the purchaser would not constitute a technical "cloud on title," as the term is understood in general equity jurisprudence, and which is essential to the equitable jurisdiction, independently of statutory provisions; but it would be calculated to create doubt and uncertainty in respect to the title of the true owners, or might operate injuriously to their enjoyment of or beneficial dominion over the property. The persistent attempt on the part of the appellants to have the property sold in this manner, when it is apparent such consequences must result, constitutes an "adverse claim" to the real property within the meaning of the statute. (*Mason* v *Ayers*, 28 Wis., 612.)

We think, therefore, the court below did not err in overruling the demurrer. The decree perpetually enjoining the sale of .the property under the judgment against David and Ellen Roher was also correct, but we do not think the court had jurisdiction in this suit to declare the judgment a nullity. So much of the decree must therefore be vacated; the decree of perpetual injunction is sustained. And the decree, as thus modified, will be affirmed with costs.