Filed Oct. 9, 1888.

---

No. 13,457.

## PENROSE ET AL. *v.* McKINZIE.

JURISDICTION.—*Justice of the Peace.—Judgment.*—The jurisdiction of a justice of the peace in civil actions is a limited one, and in all jurisdictional matters the requirements of the statute must be substantially complied with, or his judgments will be void.

SAME.—*Summons.— Service Upon Non-Resident.— When Justice's Judgment Void.*—Where, in an action before a justice of the peace, the defendant resides in another State and in that State endorses upon a summons— not issued or directed to any officer, but delivered to the plaintiff's attorney by the justice—his acknowledgment of service and a waiver of jurisdiction, and the summons, so endorsed, is returned by the plaintiff's attorney, whereupon a judgment is rendered against the defendant by default, such judgment is void, and may be so declared in a direct proceeding for that purpose. Sections 1431 and 1450, R. S. 1881, considered.

From the Montgomery Circuit Court.

*J. H. Burford,* for appellants.

*J. Wright* and *J. M. Seller,* for appellee.

HOWK, J.—In this case the only error complained of here by appellants, the defendants below, is the decision of the

court below in overruling their demurrer to appellee's complaint.

In his complaint, appellee, McKinzie, alleged that, on the 18th day of September, 1885, he instituted certain proceedings in attachment against one Orren J. Stoddard, who was a non-resident of the State of Indiana, in the Montgomery Circuit Court; that, on September 23d, 1885, appellee caused an order of attachment to be issued in said cause, and, on September 24th, 1885, the sheriff of Montgomery county levied such writ on and attached certain real estate, particularly described, in the county aforesaid; that, on November 20th, 1885, appellee recovered judgment in said cause against said Orren J. Stoddard for $1,016.66, and a judgment, also, in his attachment proceedings, for the sale of said attached real estate; that, on January 9th, 1886, said attached real estate was sold at sheriff's sale, under the aforesaid judgment, for the sale thereof, and appellee became the purchaser of such real estate at such sale thereof, and was then the owner of such real estate by virtue of his said purchase.

Appellee further averred that appellant Emlin G. Penrose filed a proper affidavit entitling him to have execution, and claimed to have purchased the same real estate theretofore described, on the 2d day of January, 1886, at a sheriff's sale upon said execution issued to the sheriff of Montgomery county, on a pretended judgment which said Penrose claimed to have obtained against said Orren J. Stoddard, on April 27th, 1878, before one Byron R. Russell, a justice of the peace of Union township, in said county, a transcript of which so-called judgment was filed in the clerk's office of said Montgomery county, on the 30th day of April, 1878, setting out a copy of such so-called judgment. And appellee alleged that appellant Penrose had received from defendant Harper, as sheriff of such county, a certificate of his purchase of such real estate upon such so-called judgment; and appellee averred that such so-called judgment was null and void, for the following reasons, namely:

1. Because the justice of the peace, before whom said cause was tried, had no jurisdiction of the subject-matter.

2. Because such justice had no jurisdiction of the person of said Orren J. Stoddard.

3. Because no valid or legal process or summons was ever served upon the defendant.

4. Because the pretended summons was void, having been issued to be served upon a person who resided outside of the township where the justice resided and held his office.

5. Because the pretended summons was not directed to any constable of said township.

6. Because the pretended summons was not delivered to any deputy constable of said township.

7. Because the pretended summons was not delivered to a special constable.

8. Because no summons was ever read to said Orren J. Stoddard.

9. Because no copy of said summons was left at the last or usual place of residence of said Orren J. Stoddard.

10. Because said suit was not commenced by a *capias ad respondendum*, nor by proceedings in attachment, against said Orren J. Stoddard.

11. Because, at the time of the filing said complaint before said Esquire Russell, and at the time of issuing said summons and of the acknowledgment of the endorsement on said summons, and on the day said Stoddard was defaulted, the said Stoddard was a non-resident of the State of Indiana, and was a resident of the State of Iowa.

Wherefore appellee asked that the so-called judgment of said justice of the peace might be declared void, and that Sheriff Harper, and his successors in office, might be perpetually enjoined from executing to appellant Penrose, or his assigns, a deed to said real estate under such so-called judgment, and for other proper relief.

Appellants' joint demurrer to appellee's complaint, upon the ground that it did not state facts sufficient to constitute a

cause of action, was overruled by the court. They excepted to this ruling, and refused to plead further, and thereupon the court rendered its judgment and decree against them, in favor of appellee, in accordance with the prayer of his complaint.

Did the court below err in overruling the demurrer to the complaint for the alleged insufficiency of the facts therein to constitute a cause of action? This is the only question we are required to consider and decide in this case. We have heretofore given a full summary of the facts averred by appellee in his complaint herein, except such facts as were shown by the so-called judgment itself, which constituted a part of such complaint.

It appeared from such so-called judgment that, on April 17th, 1878, Emlin G. Penrose, by his attorney, filed his complaint against said Orren J. Stoddard, before Byron R. Russell, J. P., etc., upon a foreign judgment which said Penrose recovered of said Stoddard, on April 10th, 1878, by the consideration of a justice of the peace of Tama township and county, in the State of Iowa. Upon the filing of the complaint, Esquire Russell issued a summons for defendant Stoddard, returnable April 27th, 1878, and delivered the same to Penrose's attorney. Afterwards, on April 22d, 1878, said summons was returned by said attorney, endorsed as follows, to wit:

" I hereby acknowledge service of the within notice, waive jurisdiction of the court, and give consent to time and place of service, expressly waiving all informality. Done at Tama City, Iowa, this 19th day of April, 1878.

(Signed)        " O. J. STODDARD."

The so-called judgment was in the words and figures following, to wit:

"April 27th, 1878, ten o'clock A. M. Plaintiff appeared by his attorney, and on motion defendant was three times called and came not, but wholly made default. It appearing by the return of summons that defendant was properly

served with process, trial was had, plaintiff proved his complaint, and the court being fully advised, it is therefore found, considered and adjudged," etc.

We are of opinion that the court below did not err in overruling appellants' demurrer to the complaint herein. It will be observed that the complaint proceeds upon the theory that the so-called judgment rendered by Esquire Russell is absolutely void on its face; that such judgment, although void, is apparently a lien upon the real estate described in such complaint, and that appellee is entitled, therefore, as the owner of such real estate, to the decree of a court of competent jurisdiction annulling and avoiding such justice's judgment. This is not a collateral attack upon the justice's judgment, but it is a direct attack upon such judgment, alleging it to be null and void, and asking that it may be so declared. *Brickley* v. *Heilbruner*, 7 Ind. 488; *Grass* v. *Hess*, 37 Ind. 193; *Johnson* v. *Ramsay*, 91 Ind. 189.

Under the statutes of this State, the jurisdiction of a justice of the peace in civil actions is a limited jurisdiction, and the requirements of the statutes, in all jurisdictional matters, must be substantially complied with by the justice, or his judgments will be void.

In section 1450, R. S. 1881, in force since May 6th, 1853, it is provided that "Suits may be instituted before justices by agreement or process; and the delivery of the process to the officer authorized to serve the same, if by process, and the entry of the fact upon the docket, if by agreement, shall be deemed such commencement; and it shall be the duty of such officer to note on such process the date when it came to his hands."

The so-called judgment, described in the complaint herein, affirmatively shows that the suit in which such judgment was apparently rendered, never was instituted before Justice Russell in either of the modes authorized by the statute. While the judgment recites that the justice issued a summons for the defendant in the suit, it is also shown thereby that such sum-

mons was delivered by the justice to the plaintiff's attorney, and not to any officer "authorized to serve the same." It appears also from the copy of such judgment, that the suit wherein it purports to have been rendered was not instituted "by agreement," because it fails to show "the entry of the fact upon the docket," which, the statute says, "shall be deemed such commencement," if the suit be instituted by agreement.

But if it were conceded that the suit in which such judgment was rendered was duly and legally commenced by appellant Penrose before Justice Russell, it is certain, we think, that the judgment affirmatively shows on its face that, at the time of its rendition, the justice had no jurisdiction whatever of the person of Orren J. Stoddard, the defendant in such suit. The judgment purports to have been rendered upon default. Such a judgment is absolutely void, if it appear on the face thereof that, at the time of its rendition, the justice of the peace had not acquired, in some mode provided by law, jurisdiction of the person of the defendant.

In this State two modes are provided by law, and only two, whereby a justice of the peace may acquire jurisdiction of the person of a defendant in an ordinary civil action, namely: 1. The service of process, issued for the defendant by the justice, by an "officer authorized to serve the same;" and, 2. "By agreement" of the defendant, in person or by attorney, before the justice and "the entry of the fact upon the docket."

The so-called judgment rendered by Justice Russell in the case of *Penrose* v. *Stoddard*, affirmatively shows that, at the time of the rendition thereof, such justice had not acquired jurisdiction of the person of defendant Stoddard in either of the modes provided by our statutes, and, therefore, it must be held, we think, that such judgment was and is void on its face.

Under the averments of appellee's complaint, admitted to be true by appellants' demurrer thereto, the so-called sum-

mons issued by Justice Russell for defendant, was not a summons or process in any legal sense. On the face of the judgment it appeared that such so-called summons was not issued or directed to, nor placed in the hands of, any officer authorized by law to serve the same, but was delivered to and returned by the attorney of Penrose, the plaintiff in such suit. Territorially, the jurisdiction of Justice Russell in such a suit as the one wherein he issued the so-called summons for defendant Orren J. Stoddard, was limited to Union township, in Montgomery county, Indiana. Section 1431, R. S. 1881. But it appeared on the face of such justice's judgment that the so-called summons was not served on defendant Stoddard in Union township, or in Montgomery county, or even in the State of Indiana, and that the only service of such summons or notice, as shown by the return endorsed thereon, was made at Tama City, in the State of Iowa. We are of opinion that this service of such summons or notice was not authorized by any law of this State, and did not give Justice Russell jurisdiction of the person of defendant Orren J. Stoddard. The so-called judgment of such justice, described in appellee's complaint herein, is absolutely void on its face. *McCormack* v. *First Nat'l Bank, etc.,* 53 Ind. 466; *State, ex rel.,* v. *Ennis,* 74 Ind. 17; *Paulus* v. *Latta,* 93 Ind. 34.

The demurrer to the complaint was correctly overruled.

The judgment is affirmed, with costs.

Filed Oct. 23, 1888.