[No. 2473.  Decided Feburary 23, 1897.]

O. H. CHRISTOFFERSON, *Administrator of the Estate of Julia Roholt, Deceased, Respondent,* v. WILLIAM PFENNIG *et al., Appellants.*

DEVISE OF LANDS — WHEN TITLE VESTS — ACTION TO QUIET TITLE — JUDGMENT — COLLATERAL ATTACK — RECORD ON APPEAL.

Title to lands in this state devised by will vests in the devisee fully, after probate of the will, the title relating back to the death of the testator.

Where the interest of a devisee has been sold under execution against him, an action to quiet title may be maintained by a trustee charged under the will with the duty of administering the property as an entirety until the majority of the minor heirs, for the purpose of attacking the validity of the judgment upon which the execution sale was based.

The recital in a judgment of due service by publication raises the presumption, *prima facie,* of a valid service, and, on collateral attack, courts are bound to presume in support of the judgment that a sufficient showing of service of summons had been made.

A supplemental certificate by the trial judge that the court had no other affidavits before it than the one of record cannot be given the force of a finding of fact.

The presumption as to the validity of a judgment cannot be overthrown on collateral attack on the ground that the face of the record shows that the cause of action might have been barred by the statute of limitations. .

Appeal from Superior Court, Pierce County.—Hon. JOHN C. STALLCUP, Judge.   Reversed.

*Sharpstein & Blattner,* for appellant.

*Leuders & Leo,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This is an action to quiet title, the particular matter complained of being a sheriff's deed held by the appellants, which was issued to the purchaser under an execution sale of the lands in controversy, by virtue of a judgment rendered in a suit brought by the William Bergenthal Company against Hans J. Roholt. Judgment was rendered for the plaintiff, whereupon this appeal was taken. Several technical motions were made by the respective parties and were denied at the hearing. As no new points were presented therein for our consideration they are not set forth specifically.

In November, 1894, one Julia Roholt, the wife of said Hans Roholt, died in Minnesota seized of the lands in question. She left a will, which was duly admitted to probate in Minnesota and afterwards in Pierce county, this state. The provision of the will material to this controversy is as follows:

"Fourth.— My separate property in the State of Washington, consisting of the following described real estate, to wit: Lots number one (1) and two (2) in block number twenty-five hundred and fifteen (2515) in Reed's Addition to Tacoma, late New Tacoma, according to the recorded plat thereof, on file in the auditor's office in the county of Pierce, in said state, I give, devise and bequeath as follows: First, I order and direct that my executors, hereinafter named, shall, as far as the means left for that purpose at their disposal may permit, improve the same by causing suitable building and other structures to be erected thereon, so as to make the same tenantable and productive; and, second, that they shall then lease or let the same for rent until such a period shall arrive that the youngest of my children herein named, or the survivor of them, shall arrive at the age of twenty-one years, and the rents and income from said property,

so far as in the judgment of my said executors the same may not be needed for further improvements or taxes or expenses, shall belong to and be paid over, one-half to my husband aforesaid and one-fourth to each of my two children herein named; but when the time shall arrive when the younger of my two children arrives at the age of twenty-one years, then the said property, being my separate property in the State of Washington, shall belong one undivided one-half to my husband, Hans J. Roholt, one undivided one-fourth to my son Louis Julius Roholt, and one undivided one-fourth to my son Clarence Alvin Roholt, their and each of their heirs and assigns forever in fee simple."

One of the questions to be determined is whether or not the title to one-half of the lands vested in the husband under this provision of the will. The lower court refused to find that such title vested in said Hans Roholt, and made no finding on that subject, and exception was duly taken. The respondent contends that no title vested in Hans Roholt under the decision in *Balch v. Smith*, 4 Wash. 497 (30 Pac. 648). While this case has never been formally overruled, and while it may have been cited in opinions subsequently rendered, in excepting cases therefrom, no case has arisen since where it has been given the effect contended for by the respondent here, and a different rule has since been established by the legislature ( Laws 1895, p. 197), but that act does not affect this case. We are not disposed to follow the case of *Balch v. Smith* to the extent of giving it the effect contended for by the respondent, for we are of the opinion that the title to one-half of said lands vested in the husband, subject to the trust imposed by the will, even though it did not take effect for all purposes until the will was probated. When probated, the title related back to the death of the testator.

It is contended by the appellants that, if the title vested in Hans Roholt, it was immaterial to the plaintiff what became of it and consequently he could not maintain the action. The cases cited by the appellants upon this point are *Murphy v. Sears*, 11 Ore. 127 (4 Pac. 471), and *Allen v. Gilliland*, 6 Lea, 521; and none have been cited by the respondent. We do not think that the two cases referred to, if followed, would require us to hold, under the facts of this case, that the plaintiff could not maintain an action, as the execution of the trust imposed by the will might be materially affected or interfered with by the proceedings sought to be set aside. For instance, the will provided, under the contingencies there mentioned, for the improvement of the property, and it might make a difference as to the desirability of improving it if the lands in question belonged to a stranger and not to the husband of the deceased and the father of the children, who took the other half of the lands under the will, and thus the estate of the children therein might be injuriously affected. Also, there might be a question as to whether the husband or the execution purchaser would be entitled to one-half of the surplus of the rents and income from such property, which would depend upon the validity of the proceedings whereby the appellants claimed title. It seems, therefore, that the plaintiff was a party in interest, and had a right to maintain the action, at least to the extent of attacking such proceedings and having them declared invalid, if the judgment, upon which the execution was issued and upon which the appellants' title is based, was void upon its face. As to whether the plaintiff could proceed beyond that in this action, or at all, is not now decided.

The respondent contends, and the lower court found

by its tenth finding of fact, that the court had no jurisdiction to render the judgment in question, and that it was void. This finding was excepted to by the appellants. The judgment referred to was rendered in the superior court of said Pierce county in an action brought on a judgment that the plaintiff therein had recovered against said Hans J. Roholt in Dakota, in the year 1883. The service upon Roholt in the action last brought was by publication. The judgment contained the following statement respecting service, viz : "And it appearing to the court by the affidavit of F. S. Blattner, on file herein, that said defendant Hans J. Roholt is a non-resident of the state of Washington; that he has been duly and regularly served with process herein by publication in the Tacoma Weekly Herald, a newspaper of general circulation in Pierce county, state of Washington, for more than nine weeks," etc. The Code, vol. 2, § 175, provides that immediately after the first publication of the summons the plaintiff shall cause a copy of the summons and complaint to be deposited in the post-office, the postage thereon being prepaid, directed to the defendant at his place of residence, unless it shall appear that such place of residence is not known to the plaintiff and cannot by reasonable diligence be ascertained by him or his attorney. The only affidavit appearing in the files upon this subject was one made by said F. S. Blattner, some months before the rendition of the judgment, to the effect that he did not know where the defendant resided, and the respondent contends that, as the plaintiff in said action had several other attorneys of record, and there was nothing to show that they did not know, or that the plaintiff did not know where the defendant resided, no service was obtained. We are of the opinion, how-

ever, that the recital of due service by publication in the judgment above set forth raises the presumption *prima facie* of a valid service, and we would be bound to presume in support of it that other and sufficient affidavits were filed. A large number of cases have been cited by the parties upon this question, which we have examined, but as the matter falls within the case of *Rogers v. Miller*, 13 Wash. 82 (42 Pac. 525, 52 Am. St. Rep. 20), and as we are content to follow the rule there adopted, no discussion of them will be attempted and the finding of the lower court above referred to, which was based solely upon the records and files in that action, was consequently unsupported and must be set aside.

There is a supplemental certificate to the statement of facts by the judge in the present action, to the effect that the court in the action of said company against said Hans Roholt in this state had no other affidavits or evidence before it than the files and proceedings introduced in evidence in this action. But the certificate in that particular cannot be given the force of a finding of fact and must be disregarded.

It is further contended by the respondent that, as the complaint in said action brought upon the judgment showed that the judgment was obtained in Dakota more than six years prior to bringing the action thereon in this state, the judgment rendered in the last action was void for that reason. But the presumption, *prima facie* at least, of the validity of the judgment should obtain, and it should not be held void on the face of the record.

What we have said requires a reversal of the judgment, but there is another point which may arise upon a re-trial of the cause, and that is as to whether the present action is a direct or a collateral attack

upon the judgment aforesaid. If it is a collateral attack, the presumptions in favor of the validity of that judgment seem, under the weight of the authorities, to be conclusive. If it is a direct attack, the plaintiff would have the right to introduce evidence showing a want of jurisdiction or authority of the lower court to render the judgment. We are not disposed to pass upon that question at this time for two reasons; one is that we are not aware that the plaintiff in this action has such evidence to offer, and the second is that the point has not been briefed by either of the parties.

In Van Fleet on Collateral Attack, § 3, it is said that the cases all agree that a suit to quiet title is a collateral attack, and for that reason that citations are useless; and statements to the same effect may be found elsewhere. The appellants have taken it for granted that this is a collateral attack and have cited no authorities thereon. The respondent, proceeding on a different line of defense, has said nothing on the subject. We have given the question something of an examination; enough to indicate that it may be a question of doubt under the reformed procedure, at least, whether in an action like this, where practically the only matter in issue is the validity of the judgment attacked, it is not a direct attack instead of a collateral one. If a bill of review or a suit in equity could be maintained by this plaintiff to set aside said judgment on the ground of its invalidity, it seems that substantially the same state of facts would be alleged in the complaint that has been alleged in this action; and, if so, the difference would be one of form apparently rather than of substance.

In vol. 1 of the Ency. of Pleading & Practice, at page 143, it is said that questions of form have nothing whatever to do with the construction of either plead-

32—16 WASH,

ing or practice under the code, and that the courts must give relief at any stage of the action on the facts presented, no matter in what form they may be presented; and at page 146 it is said that, at common law the form of an action determines its character, but that, under the codes, questions of difficulty present themselves when it is necessary to determine the character of the action; and as a general rule that the allegations of the complaint, without reference to the prayer for relief, determine its character.

In vol. 1, Black on Judgments, it is said in § 252, that if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, the attack upon the judgment is collateral. But that rule would not seem to include this action, and authorities are cited to the effect that an action to quiet title is a direct attack on a judgment, viz : *McCampbell v. Durst*, 73 Tex. 410 (11 S. W. 380), and *Penrose v. McKinzie*, 116 Ind. 35 (18 N. E. 384); and in vol. 3 of Pomeroy's Equity Jurisprudence, page 2152, in the note, cases are cited where judgments have been opened up and inquired into in actions to remove a cloud on title. A few of them are : *Tucker v. Conwell*, 67 Ill. 552; *Henderson v. Palmer*, 71 Ill. 579 (22 Am. Rep. 117); *Merriman v. Polk*, 5 Heisk. 717; *Fonda v. Sage*, 48 N. Y. 173; *Brown v. Goodwin*, 75 N. Y. 409.

In view of the manner in which the case has been presented, as stated, and of the limited examination which we have been able to give the matter, we will leave the questions open for future determination, if they should arise, as to whether or not this plaintiff can maintain an action directly attacking such judg-

ment, and whether the present action is a direct attack thereon.

Reversed and remanded for a new trial.

GORDON, ANDERS and REAVIS, JJ., concur.

DUNBAR, J.—I concur in the result, but am satisfied that the action is a collateral attack on the judgment.