### DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON.

[No. 5890. Decided December 13, 1905.]

Lois E. Coleman, *an Insane Person, by R. Mines, Her Guardian, Respondent,* v. S. L. Cravens *et al., Appellants.*[1]

Insane Persons — Guardian — Appointment — Affidavit of Nonresidence. Under Laws 1903, p. 242, § 1, where a verified petition for the appointment of a guardian of a nonresident insane person states the residence of the ward, there is no necessity of an affidavit of nonresidence.

Same—Notice of Application. Under Laws 1903, p. 243, § 5, upon the appointment of a guardian for a nonresident insane person, personal service of notice upon the person having the custody of such person is not required, notice by publication being sufficient.

Same—Right to Apply. Under Laws 1903, p. 242, an application for the appointment of a guardian for an insane person can be made by any relative or friend.

Same—Sale of Property—Statutes—Construction. Laws 1893, p. 85, being general in its nature and covering the entire subject of the estates of nonresident minors and insane persons, repeals by implication Hill's Code, §§ 3071-3078, providing that the guardian of such persons shall have no power to sell real estate; and consequently, under said act, § 6, and Laws 1893, p. 85, relating to private sales of such estates, a guardian of a nonresident insane person may be empowered by the court to sell the real estate belonging to such persons.

Statutes—Repeal. A repeal of a statute by implication is not covered by Const., art. 2, § 19, requiring the subject of the act to be expressed in its title.

1Reported in 82 Pac. 1005.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 18, 1905, in favor of the plaintiff, upon overruling a demurrer to the complaint and the refusal of the defendants to plead over, in an action for specific performance. Affirmed.

*Douglas, Lane & Douglas,* for appellants.

*Hastings & Stedman* and *Sweeney & Steiner,* for respondent.

RUDKIN, J.—The plaintiff Mines, as guardian of the estate of Lois E. Coleman, an insane person, sold certain real property belonging to his ward, pursuant to an order of the superior court of King county, and the defendants became the purchasers at such sale. The sale was duly confirmed by the court, but the defendants refused to accept the title, pay the purchase money, or carry out the terms of sale. This action was brought to specifically enforce the contract of sale. The complaint set forth in detail all the proceedings relating to the appointment of the guardian, the sale of the property, the confirmation of the sale, the tender of a deed, and the refusal of the defendants to pay the purchase price. The defendants demurred to the complaint on several of the statutory grounds, but the demurrer was overruled. The defendants elected to stand on their demurrer and refused to plead further. Judgment went against them according to the prayer of the complaint, and from such judgment this appeal is prosecuted.

The first objection urged by the appellants is that the notice of the application for the appointment of a guardian was insufficient, for the reason that no affidavit of nonresidence was filed. The statute provides that, upon the presentation of a petition, the court shall cause notice to be served on the insane person and on the person having the care, custody, and control of such insane person. Laws 1903, p. 242, § 1. The verified petition should set forth the resi-

dence of the insane person so that the court may cause the proper notice to be given. That was done in this case, the petition was duly verified, and the necessity for filing a second affidavit setting forth the same facts is not apparent. The second objection is that no notice was served on the person having the care, custody, and control of the insane person, as required by § 2 of the above act. This application falls under § 5 of said act, and the notice by publication is manifestly the only notice required in such cases. The third objection is that the petitioner was not authorized by law to make application for letters of guardianship. Section 1 of the act provides that the application may be made "upon verified petition of any relative or friend" of the insane person. The petition in this case avers that,

"Your petitioner is a citizen and resident of King county, state of Washington, and was the agent and friend of said Lois E. Coleman before she was adjudged insane; that your petitioner has been requested by the sons of said Lois E. Coleman, and also by the person and agent who has the charge and management of her affairs in California, to petition for and make application to be appointed, and to act as guardian of the estate of said Lois E. Coleman within the state of Washington."

This brings the petitioner clearly within the provisions of the statute.

The fourth and last objection is that the court had no jurisdiction to order the sale of real property belonging to a nonresident insane person. The statutes governing this question are by no means free from doubt and ambiguity. Prior to the legislative session of 1893, real property of a nonresident minor or insane person could only be sold on application of the foreign guardian. 1 Hill's Code, § 3070. Subsequent sections of the same statute authorize the appointment of a trustee to manage, lease, and care for the property of nonresident minors and insane persons, on application of the foreign guardian; but § 3076 provided as follows:

"The said trustee shall have no power to apply to the superior court for the sale of the real estate of such minor or person of unsound mind."

An act was approved March 11, 1893, entitled,

"An act concerning insane persons and persons *non compos mentis,* residing out of the state of Washington; prescribing a mode of procedure for the control and management of the estates and property of such persons, and the payment of their debts, and declaring an emergency." Laws 1893, p. 286. The first, second, third, fourth, and fifth sections of said act clearly authorize the appointment of a domestic guardian for the separate property of a nonresident minor or insane person. The sixth and seventh sections seem to relate almost exclusively to property in which the minor or insane person has a community interest, and to authorize the sale thereof. The latter part of section 6, however, contains the following provision:

"And the guardian shall, upon application to the court for that purpose, be authorized to sell or mortgage the estate or interest of the said insane person or person *non compos mentis,* for the purpose of paying the debt or providing for the support or maintenance of such ward or the wife of such ward or for the better investment of the proceeds of such estate."

In view of the general title of the act, and the general language contained in the first five sections, we are constrained to hold that the provision just quoted authorizes the sale of the separate property of minors and insane persons for the purpose of paying their debts, providing for their support and maintenance, and for the better investment of the proceeds. The tenth section of the act repeals §§ 3071 to 3078, inclusive, of Hill's Code, *supra.* It is claimed by the appellants that such repealing clause is void, because the subject of the act is not expressed in the title, as required by art. 2, § 19, of the state constitution. This is, no doubt, true, as far as any express repeal is concerned. But the act

is general in its nature, covers the entire subject of the property of nonresident minors and insane persons, and repeals by implication all laws necessarily in conflict therewith. Such repeals are not covered by the constitutional provision in question. We are therefore of opinion that the above act and the act of March 8, 1893 (Laws 1893, p. 85), relating to private sales of real property belonging to the estates of decedents, minors and insane persons, empowered the court to order the sale in question.

No other objections appearing against the validity of the sale, the judgment of the court below is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.