[No. 641.  Decided May 12, 1893.]

THE STATE OF WASHINGTON, *on the relation of Dewitt L. Boyd and Mary Boyd*, v. THE SUPERIOR COURT OF PIERCE COUNTY, AND FREMONT CAMPBELL, *Judge, Respondents*.

CERTIORARI — WHEN LIES — SERVICE BY PUBLICATION — AFFI-
DAVIT — SUFFICIENCY OF PUBLICATION.

The jurisdiction of the supreme court to inquire into the proceedings of the superior court under a writ of *certiorari*, is not dependent upon the amount in controversy; but the writ will lie whenever judgment is rendered by the superior court without proper service of summons.  (DUNBAR, C. J., dissents.)

An affidavit, upon which publication of summons in an action is based, is not sufficient under Laws of 1887-8, p. 26, § 5, when it alleges merely that the defendants "are absent from the county of Pierce, and that their place of residence is unknown."

Under a statute requiring publication of summons to be made not less than once a week for six consecutive weeks, six publications is sufficient, where it is made once in each of six consecutive weeks.

*Original Application for Certiorari.*

*Taylor & McKay*, for relator.

*A. A. Knight*, for respondents.

The opinion of the court was delivered by

ANDERS, J.—On December 9, 1890, one M. O'Neill commenced an action in the superior court of Pierce county against the relators to recover the sum of $55.45 alleged to be due for groceries sold and delivered by him to the relators. A writ of attachment was sued out and levied upon certain real estate in Cavender's Addition to the city of Tacoma. Service of the summons was made by publication. On the 21st day of February, 1891, a default judgment was rendered against the defendants for the amount claimed in the complaint, together with interest and costs. Subsequently the defendants moved the court to vacate and set aside the judgment, on the ground that the court had no jurisdiction to render it, and that the same was otherwise wrongful and unwarranted. The motion was denied and thereupon the defendants caused the record to be brought up to this court by writ of *certiorari*. The respondent moves to quash the writ and to dismiss the proceedings for the alleged reasons that this court can only issue the writ in aid of its appellate jurisdiction, and that the amount in controversy, being less than two hundred dollars, is not sufficient to confer jurisdiction upon the court to determine this controversy.

23—6 WASH.

While it is undoubtedly true that the supreme court may issue the writ of *certiorari* whenever necessary to the complete exercise of its appellate jurisdiction, we think it also has jurisdiction to award the writ in proper cases where its appellate power is not called into exercise. And, as in proceedings of this character, the court generally looks no further into the case than may be necessary to determine whether the tribunal from which the record comes had jurisdiction, and if not, or if it exceeded its jurisdiction or proceeded illegally, whether there is any appeal or any other plain, speedy and adequate remedy, it would seem to follow that jurisdiction to enquire into such matters could in nowise depend upon the amount in controversy. The motion to dismiss must, therefore, be denied.

It is contended by the relators that the affidavit for service of the summons by publication was insufficient and not in accordance with the requirements of the statute, and that publication of the summons was not made for the requisite length of time to confer jurisdiction upon the court to enter judgment by default against them. The statute in force at the time these proceedings were had, provided that in case service cannot be made in any other prescribed manner by reason of the absence of the defendant, which may be shown by the affidavit of the plaintiff or his attorney, the summons, with a brief statement of the object of the action, may be served by publication thereof in some weekly newspaper printed and published and of general circulation in the county in which the court is held, if such newspaper there be, otherwise in some newspaper printed and published in the territory [state], which summons shall be published not less than once a week for six consecutive weeks, and shall require the defendant to appear and answer the complaint within sixty days from the date of the first publication thereof. And it further provides that before publication of the summons is made, the complaint shall

be filed with the clerk of the court where the action is pending, and forthwith upon publication the plaintiff shall cause a copy of the summons to be deposited in the post-office, the postage thereon being prepaid, directed to the defendant at his place of residence, unless it shall appear that such residence is not known to, or cannot after reasonable diligence be ascertained by, the plaintiff or his attorney; and before the hearing of the action the court or judge shall be satisfied by affidavit or other proof that all the provisions herein contained have been complied with, provided that personal service out of the territory [ state ] shall be equivalent to publication. Laws 1887–8, p. 26, § 5.

The affidavit upon which the publication was based stated that "Dewitt L. Boyd and Mary Boyd are absent from the county of Pierce, and that their place of residence is unknown." Did this affidavit state facts sufficient to authorize the publication of the summons, is the first and principal question to be determined. If it did not, then there was no proper service of the summons and the court was without jurisdiction of the person of the defendants, and the judgment is invalid. In such cases jurisdiction depends entirely upon a strict compliance with the terms of the statute. Brown on Jurisdiction, §§ 51, 52.

As we have already seen, publication could only be resorted to, as a means of service, when rendered necessary by reason of the absence of the defendants. And the word "absence," as used in the statute, does not mean simply being away from a usual place of residence within the jurisdiction of the court, for, in such cases, the summons may be served by delivering a copy thereof to some suitable person at the dwelling house or usual place of abode of the defendant. Laws 1887–8, p. 26, § 4. Nor does it necessarily mean not being within the county where the action is pending, for the defendant may be personally served, if found, in any other county in the state.

It would seem, therefore, that the legislature used the word absence as the equivalent of non-residence, and only intended to authorize service by publication in cases where the defendant resides out of, and is therefore absent from, the state. If this be not so, it is difficult to understand why the legislature should have substituted this statute for § 64 of the Code of 1881, which expressly provided, among other things, that service of summons might be made whenever it appeared by the affidavit of the plaintiff or intervenor, or an attorney of the plaintiff or intervenor, in the action, that the person on whom service was to be made could not, after due diligence, be found within the territory, or concealed himself to avoid the service of summons. But, however this may be, we are clearly of the opinion that the affidavit filed by the respondent was not sufficient to justify a publication of the summons. It might have been true that the defendants — relators here — were absent from Pierce county, and their residence unknown, and yet it might not have been the fact that they could not have been personally served "by reason of absence." If they were in the state, though not in Pierce county, they were not absent in contemplation of .the statute, even although their residence was at the time unknown. It follows, therefore, that no proper service of the summons upon the relators was had, and that the judgment complained of must, for that reason, if for no other, be held invalid.

But there are other defects in the record. It does not appear that a printed copy of the summons as published, was returned with the affidavit of the publisher of the newspaper in which the publication was made, nor that any proof of the plaintiff's demand was made before entry of the judgment by default. Neither does it appear that upon publication a copy of the summons was deposited in the postoffice, the postage thereon being prepaid, directed to

the relators, as required by law, at their place of residence, nor that said residence was, at that time, unknown to the plaintiff or his attorney, or could not, after reasonable diligence, be ascertained.

As to the time of publication of the summons, we think it was sufficient. The statute requires the publication to be made not less than once a week for six consecutive weeks, and it was published once in each of six consecutive weeks, and that was all that was required, although but six publications were made. See Wade on Notice, § 1101; *Swett v. Sprague,* 55 Me. 190; *Ronkendorff v. Taylor's Lessee,* 4 Pet. 349.

It is insisted by the learned counsel for the respondent — (1) That the judgment in this case cannot be attacked collaterally; and (2), that the relators have not shown themselves entitled to have it set aside for the reason that their application to the court for that purpose was not made in the mode prescribed by law.   But it is a sufficient answer to the first proposition to observe that this is not a collateral attack upon the proceedings of the court below; and to the second, that a judgment rendered without service of summons will be reversed on *certiorari* whenever objected to upon that ground.

Judgment reversed.

SCOTT, HOYT and STILES, JJ., concur.


DUNBAR, C. J. (*dissenting*). — I dissent.   It seems to me that the appellant here is simply allowed to evade the constitutional prohibition against appeals from the superior courts where the amount in controversy does not exceed the sum of $200.   This is but another method of appeal; and the appellant secures a ruling of this court on the same questions that he would on an appeal.   The constitution provides that the supreme court shall have power to issue

writs of *certiorari*, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. It certainly has no appellate or revisory jurisdiction over actions where the amount involved is less than two hundred dollars, and no jurisdiction at all; for it was evidently the intention of the framers of the constitution to entrust all questions involved in cases of that kind to the discretion of the superior court. They certainly did not intend to make a useless provision and allow litigants to avail themselves by indirectness of a privilege which was directly prohibited.