[No. 4220. Decided April 6, 1903.]

GEORGE H. TILTON et ux., Appellants, v. EDWARD O'SHEA et al., Respondents.

FORECLOSURE DECREE — COLLATERAL ATTACK — IRREGULARITIES — PUBLICATION OF SUMMONS PRIOR TO AFFIDAVIT.

The publication of summons in a foreclosure proceeding prior to the filing with the clerk of the court of the affidavit showing the existence of the necessary facts for publication, as required by Laws 1893, p. 410, § 9, is merely an irregularity, which is insufficient on collateral attack to warrant any finding against the validity of the foreclosure decree.

Appeal from Superior Court, Spokane County.—HON. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Gleeson & Stayt,* for appellants.

*P. F. Quinn,* for respondents.

The opinion of the court was delivered by

FULLERTON, C. J.—Goodall and wife, being the owners of certain real property situate in Spokane county, mortgaged the same to the respondent Phineas J. Horwitz to secure a loan of $6,000. Later they conveyed the property to the appellants. Thereafter Horwitz began proceedings to foreclose his mortgage, prosecuted the same to judgment and sale, became the purchaser at the sale, and entered into the possession of the property. Afterwards he sold the

property to the respondents, O'Shea. The appellants, assuming that the foreclosure proceedings were void, brought this action to redeem from the mortgage; treating the respondents as mortgagees in possession, and asking them to account, as such, for the rents, issues, and profits. Judgment went against them, from which they appeal.

The statute relating to the service of summons in force at the time the foreclosure proceedings were had (Laws 1893, p. 410, § 9) authorized the service of a summons by publication " . . . upon the filing of an affidavit . . . with the clerk of the court, . . . stating the existence of" certain facts. The record in the foreclosure proceedings shows that the summons in that case was published for the first time on the 27th day of April, 1895, while the affidavit for publication bears the file mark of the clerk of the court as of the 15th day of May following. The appellants were among the defendants on whom service was sought to be made by publication, and, as they were the owners of the legal title to the property, it is contended that this defect appearing on the face of the record renders the decree of foreclosure, and all of the proceedings had thereunder, null and void. There are cases which hold with this contention. It was so held in *Barber v. Morris,* 37 Minn. 194 (33 N. W. 559, 5 Am. St. Rep. 836), under a statute the exact counterpart of our own, and on a similar state of facts, and cases from other jurisdictions under somewhat similar statutes can be found. It seems to us, however, that these cases are unsound in principle. The filing of the affidavit is but one step in the preliminary proceedings leading up to the service. Its purpose is not to give the defendants notice, but to insure that a cause exists for service of summons in that particular manner. The omission in nowise detracts from the

amount of notice the defendants receive, nor can it in any manner affect any of their substantial rights. It is therefore but an irregularity—sufficient, perhaps, to warrant a reversal of a judgment on a direct appeal, but insufficient on a collateral attack to render the judgment void.

The judgment is affirmed.

MOUNT and DUNBAR, JJ., concur.