[No. 5046.   Decided April 28, 1905.]

A. E. McMANUS, *Appellant,* v. A. W. MORGAN *et al., Respondents.*[1]

TAXES—SETTING ASIDE DEED—TENDER OF TAX—COMPLAINT—SUFFICIENCY. As against a demurrer, a complaint in an action to set aside a tax title sufficiently alleges a tender of all taxes, penalties, interests and costs, when it follows substantially the language of Bal. Code, § 5679.

SAME—TENDER—PAYMENT INTO COURT. In an action to set aside a tax title, the amount tendered for taxes, etc., due need not be paid into court, since the action is in equity and the court will only grant the relief prayed upon fulfillment of proper conditions.

QUIETING TITLE—PLAINTIFF'S INTEREST—MORTGAGES—FORECLOSURE—POSSESSION OF PURCHASER AT SALE—SUIT BEFORE DEED. A purchaser at a mortgage foreclosure sale, upon receiving a certificate of sale and before receiving his deed, is entitled to the possession and to the title of the mortgagor, subject to redemption, under Laws 1899, p. 93; and hence has a "valid subsisting interest in real property and the right to the possession thereof," within Bal. Code, § 5500, entitling him to bring an action to remove a cloud from the title.

TAXES—FORECLOSURE OF TAX LIENS—NOTICE TO OWNER—STATUTES—CONSTRUCTION. Under Laws 1897, p. 182, §§ 96, 97, providing that, upon the foreclosure of a delinquency tax certificate, the holder shall give notice to the owner of the property, and that the summons shall be served in the same manner as a

1Reported in 80 Pac. 786.

summons in a civil action, it was intended that the owner should be served personally if personal service can be made, and if not, by publication.

SAME—SUMMONS BY PUBLICATION—AFFIDAVIT OF NONRESIDENCE —JURISDICTIONAL REQUISITE. In the foreclosure of a delinquency tax certificate held by a private individual, an affidavit for publication, showing the nonresidence of the owner of the property, is a jurisdictional requisite of a summons by publication, under Laws 1897, p. 182, § 97, requiring the summons to be served in the same manner as in civil actions, and the same must affirmatively appear in the record, or the court will not acquire jurisdiction.

QUIETING TITLE—VOID TAX DEED—STATUTE OF LIMITATIONS. In an action to remove a cloud from title, commenced by the purchaser at a mortgage foreclosure sale, against the holders of a tax title alleged in the complaint to be void, there is no question of the statute of limitations in the case that can be raised by the defendants, although the mortgage debt had run for more than six years, since they are either owners of the title, or of a superior lien for the taxes which must be repaid to them.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered August 28, 1903, dismissing an action to remove the cloud of a tax title, upon sustaining a demurrer to the complaint. Reversed.

*McMurchie & Bundy* and *Robert A. Hulbert,* for appellant.

*Brownell & Coleman,* for respondents.

MOUNT, C. J.—This action was brought to remove an alleged cloud from plaintiff's title to real estate. The lower court sustained a demurrer to plaintiff's complaint. Plaintiff elected to stand upon the allegations of the complaint, and the action was dismissed. Plaintiff appeals.

The allegations of the complaint are, in substance, as follows: In 1889 W. W. Pettit and wife were the owners of the real estate in question. At that time the owners mortgaged the real estate to the Lombard Investment

34-38 WASH.

Company. Subsequently the mortgage became the prop-
erty of the plaintiff, and he brought an action to foreclose
it. On March 26, 1903, judgment of foreclosure was
entered, and, on May 9, of the same year, the property
was sold and bid in by the plaintiff, and the certificate of
sale was issued to him. In January of 1898, the county
treasurer of Snohomish county, where the land is located,
issued certain certificates for delinquent taxes on the land
in question, for the years 1895 and prior years. This cer-
tificate was issued to one E. E. Warner, who thereafter
commenced an action to foreclose such certificates, under
the provisions of the revenue law of 1897. In April of
1901, a judgment was rendered foreclosing the certificates
of delinquency, and the property was sold and bid in by
said Warner for the sum of $203.65, and on July 19,
1901, a tax deed was issued to Warner, who thereafter sold
the property to the defendants. The complaint alleges that
these tax foreclosure proceedings were void, for the reason
that no notice of the application for judgment was ever
given to said Pettits, who were the owners of the property
at the time, but that an attempted service of notice was
made by publication; that such notice was void because
there is no proof in the record that said Pettits were non-
residents of the state, or could not be found therein, or
that a copy of the notice was mailed to them, or that their
place of residence was unknown. The complaint further
alleged that, prior to the commencement of the action, the
plaintiff tendered to defendants the amount of all taxes,
penalties, interest, and costs paid for the said tax deed,
which was refused.

Respondents contend that the complaint is insufficient,
first, because the amount of the tender was too small, and
second, because the money tendered was not paid into

court. The allegation of the complaint upon this subject
is "that prior to the commencement of the action, to wit,
on the 14th day of May, 1903, this plaintiff caused to be
tendered to the defendants the sum of $260.85, that being
the amount paid by said Warner for all taxes, penalty,
interest, and costs, as purchaser at said sale, but that the
defendant then and there refused to receive such payment."
The statute in relation to cases of this character provides
that, when the action is for the recovery of lands or other
property sold for taxes, the complaint must state "that all
taxes, penalties, interest, and costs paid by the purchaser
at tax sale, his assignees or grantees, have been fully paid
or tendered and payment refused." Bal. Code, § 5679.
It will be noticed that the language of the complaint fol-
lows substantially the language of the statute. Under the
rule that all reasonable intendments shall be made in favor
of the pleading, we think it sufficiently appears that all
taxes, penalties, etc., have been tendered and payment
refused. *Chambers v. Hoover,* 3 Wash. T. 107, 13 Pac.
466; *Harris v. Halverson,* 23 Wash. 779, 63 Pac. 549.

It was not necessary in a case like this that the tender
should be paid into court. The statute does not expressly
require it. This is not an action at law to recover money,
but is an action in equity, where the court will only grant
the relief prayed for upon condition that the plaintiff will
pay the full amount of taxes, penalties, interest, and costs
which were paid by the purchaser at the original sale, and
also all taxes, with interest, paid by the purchaser or his
assignee since the sale, and will generally grant equitable
relief. *Webster v. French,* 11 Ill. 254; *Glos v. Goodrich,*
175 Ill. 20, 51 N. E. 643; *Hayward v. Munger,* 14 Iowa
516; *Crawford v. Liddle,* 101 Iowa 148, 70 N. W. 97;
*Whelan v. Reilly,* 61 Mo. 565.

Respondents next contend that, under the allegations of the complaint, appellant's title is insufficient to sustain the action. The complaint shows that the appellant became the purchaser of the lands by mortgage foreclosure sale on May 9, 1903, and that this action was begun five days thereafter, and before appellant was entitled to a deed. The statute provides that "any person having a valid subsisting interest in real property and a right to the possession thereof may recover the same," etc. Bal. Code, § 5500. When appellant purchased the real property upon mortgage sale, he became entitled to the possession thereof. Laws 1899, p 93, § 15. He thereby acquired all the title to the mortgaged property which the mortgagors had. This title could be defeated only by redemption, or another sale; but, until a resale or redemption, the purchaser was for all purposes the owner. He certainly had a valid, subsisting interest in the property. In *Diamond v. Turner,* 11 Wash. 189, 39 Pac. 379, this court said:

"Until the sale had been set aside, a certificate of purchase would be as fully protected as though the legal title had been conveyed by deed made in pursuance of the statute."

This language is particularly applicable to this case.

Respondents next contend that the tax title is valid. This is the principal question presented upon this appeal, and the one relied upon apparently in the court below. It depends upon whether or not the court had jurisdiction to render the decree of foreclosure in the tax proceedings, where the certificate of delinquency had been issued by the county to a private person. The complaint alleged that the only notice given in that action was by publication, and that none of the facts are shown to exist by which no-

tice of publication was authorized. It is universally held that, in all proceedings where notice is required, the notice provided by statute must be given, and, if such notice is not given, the court acquires no jurisdiction. *State ex rel. Boyd v. Superior Court,* 6 Wash. 352, 33 Pac. 827. And:

"It is generally held that where process is served by publication, the record should show affirmatively that all the statutory requirements regarding service by that method have been complied with." 17 Ency. Plead. & Prac., 47.

The statute in force at the time the tax foreclosure proceedings were instituted, and under which they were prosecuted, is found in the Laws of 1897, p. 182. That statute, at § 96, provides:

". . . the holder of any certificate of delinquency shall give notice to the owner of the property described in such certificate that he will apply to the superior court of the county in which such property is situate for a judgment foreclosing the lien against the property mentioned."

The statute then describes what the notice shall contain. The next section provides:

"Summons shall be served in the same manner as summons in a civil action is served in the superior court."

There was no other provision in the act designating the kind of service which should be made. It is argued by respondents that the act of 1897 in reference to taxes is a special act, and that the provision, "summons shall be *served in the same manner* as summons in a civil action," applies only to the manner of service; that is, when the service is made by publication, it shall be published in the same manner as in civil actions; and that, since the act makes no provision for the affidavit of nonresidence, etc., such affidavit is not necessary. It is no doubt true that

the statute is a special one, and that, if the legislature desired to do so, it could have provided for service by publication without any showing that personal service could not be had, as has since been done where such actions are brought by a county. But the act in question did not do so. It provided that the certificate holder should give notice to the owner of the property, without stating the kind of notice, and followed this by saying, "summons shall be served in the same manner as in civil actions." We think the language here used was intended to convey the idea that the notice was to be made under the rule for serving civil process—that is, it was to be served personally, if personal service could be made; and, if personal service could not be made, then the service might be made by publication. But before the substituted service could take the place of personal service under the statute, the necessary facts, as required, should affirmatively appear.

We have not been called upon before to pass upon the exact question presented now. But in the case of *Tilton v. O'Shea*, 31 Wash. 513, 72 Pac. 106, where the affidavit of nonresidence was made before the publication of summons began, but not filed until eighteen days thereafter, we held that the omission to file the affidavit at the time of the first publication was but an irregularity and not jurisdictional; and, in *Whitney v. Knowlton*, 33 Wash. 319, 74 Pac. 469, which was a tax proceeding, where the affidavit was not filed for three days after it was verified, we held that this fact was not fatal to the jurisdiction. In both of these cases, however, the jurisdictional facts appeared upon the face of the record, showing that the case was a proper one for substituted service by publication. In the case at bar, the complaint shows that the only service made was by publication, and that there is nothing in the

record showing that such service was proper.    If the facts authorizing a service by publication do not appear in the record, and if no other service was had, there was no legal service of the summons.

"If there was no legal service of summons, it needs no argument to show that the judgment rendered was void, and that all proceedings thereunder were without force and effect." *Krutz v. Isaacs*, 25 Wash. 566, 575, 66 Pac. 141. We conclude, therefore, that, under the allegations of the complaint, the tax proceedings were invalid.

It is next contended that this action is barred by the statute of limitations, for the reason that the debt for which the mortgage was given has run more than six years; that respondents have become the owners of the land, and are therefore entitled to plead the statute, under the rule in *George v. Butler*, 26 Wash. 456, 67 Pac. 263, 90 Am. St. 756, 57 L. R. A. 396.    But, as we view the case, there can be no question of the statute of limitations in it, because, if the respondents' tax foreclosure proceedings are valid, they are the absolute owners of the land, freed from the mortgage lien; if they are not the owners of the land, they still have a prior tax lien which must be paid in full. There is no question of subsequent lien.

We think the court erred in sustaining the demurrer. The judgment is therefore reversed, and the cause remanded for further proceedings.

Fullerton, Hadley, and Dunbar, JJ., concur.

Rudkin, Root, and Crow, JJ., took no part.