[No. 8905.    Department Two.    February 10, 1911.]

WILLIAM FELSINGER, *Appellant*, v. MAX F. QUINN, *Respondent*.[1]

PROCESS—SUMMONS—SERVICE BY PUBLICATION — AFFIDAVIT — NECESSITY. An affidavit for the service of summons by publication is insufficient under Rem. & Bal. Code, § 228, where it fails to state that the defendant is a nonresident, or has property in this state, or the existence of any of the facts authorizing a service by publication, notwithstanding the fact may appear from the complaint; since strict compliance with the statute is jurisdictional (RUDKIN and CHADWICK, JJ., dissenting).

TAXATION—FORECLOSURE—VACATION—PROCESS—SUMMONS. A complaint to set aside a tax foreclosure, pleading *in haec verba* the only affidavit for publication of summons, alleges in substance the only attempted service, which, if insufficient, avoids the judgment.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered March 2, 1910, upon sustaining a demurrer to the complaint, dismissing an action to quiet title. Reversed.

*Cannon & Lee, George M. Ferris,* and *Charles E. Swan,* for appellant, cited: 32 Cyc. 467, and note 25; *McManus v. Morgan,* 38 Wash. 528, 80 Pac. 786; *Rust v. Kennedy,* 52 Wash. 472, 100 Pac. 998; *Gilmore v. Lampman,* 86 Minn. 493, 90 N. W. 1113, 91 Am. St. 373; *Tilton v. O'Shea,* 31 Wash. 513, 72 Pac. 106; *Paxton v. Daniell,* 1 Wash. 19, 23 Pac. 441; *Rust v. Kennedy,* 52 Wash. 472, 100 Pac. 998; *Cordray v. Cordray,* 19 Okl. 36, 91 Pac. 781; *Shields v. Miller,* 9 Kan. 390; *Romig v. Gillett,* 10 Okl. 186, 62 Pac. 805; *Manning v. Heady,* 64 Wis. 630, 25 N. W. 1; *Feikert v. Wilson,* 38 Minn. 341, 37 N. W. 585; *McGavock v. Pollack,* 13 Neb. 535, 14 N. W. 659.

*P. F. Quinn,* for respondent, cited: *McManus v. Morgan,* 38 Wash. 528, 80 Pac. 786; *Tilton v. O'Shea,* 31 Wash. 513, 72 Pac. 106; *Whitney v. Knowlton,* 33 Wash. 319, 74

[1]Reported in 113 Pac. 275.

Pac. 469; *Rust v. Kennedy*, 52 Wash. 472, 100 Pac. 998; *Moynahan v. Superior Court*, 42 Wash. 172, 84 Pac. 655; *Decorvet v. Dolan*, 7 Wash. 365, 35 Pac. 72; *Goore v. Goore*, 24 Wash. 139, 63 Pac. 1092; *Ervin v. Milne*, 17 Mont. 494, 43 Pac. 706; *Calvert v. Calvert*, 15 Colo. 390, 24 Pac. 1043; *Johnson v. Hunter*, 147 Fed. 133; *Timmerman v. McCullagh*, 55 Wash. 204, 104 Pac. 212; *Merz v. Mehner*, 57 Wash. 324, 106 Pac. 1118.

CROW, J.—Action by William Felsinger against Max F. Quinn to quiet title. The defendant interposed a demurrer to the complaint, which was sustained. The plaintiff thereupon refused to plead further, and has appealed from an order of dismissal.

The complaint, in substance, alleged, that the appellant is the owner of certain lots in the city of Spokane, on which taxes for the years 1904, 1905, 1906, and 1907, were not paid; that a certificate of delinquency was issued to the respondent, who thereafter instituted an action in the superior court of Spokane county to foreclose the same, and attempted to obtain service by publication upon William Felsinger, the defendant therein, now appellant herein; that the publication was based upon the following affidavit filed in the foreclosure action:

"(Title of Court and Cause.)
"State of Washington, ⎱ ss.
"County of Spokane, ⎰
"P. F. Quinn being first duly sworn on oath says: That he is the attorney and has been the attorney for plaintiff in the above entitled action; that he has made diligent inquiry as to the residence of defendant and has been unable to ascertain his present address; that the plaintiff has a good cause of action against defendant, which is set forth in the complaint and that it would be useless and inexpedient to attempt personal service as he believes defendant is a nonresident of the state of Washington, and further affiant sayeth not.
"P. F. Quinn.
"Subscribed and sworn to before me this 12th day of June, 1908.    "C. F. Eaton,
"Dep. Clerk for Washington, residing at Spokane, Wash.;"

that the affidavit was insufficient; that the court never ac-
quired jurisdiction of the defendant, and that the judgment
rendered upon such attempted service, the sale thereunder,
and the tax deed issued by the county treasurer, were void.
Tender of the delinquent taxes, interest, and costs to the
treasurer of Spokane county was alleged, it being further
alleged that Max F. Quinn was absent from the state of
Washington, and that tender could not be made to him.

The only question presented to this court is the sufficiency
of the complaint. It seems to be conceded in the briefs of both
parties that, if the affidavit above set forth was not sufficient,
the complaint stated a cause of action, but that if it was
sufficient the demurrer was properly sustained. It will be
noticed that the affidavit failed to state the existence of any
one of the causes specified in subdivisions 1 to 7, inclusive, of
§ 228, Rem. & Bal. Code. This section is applicable to tax
foreclosure proceedings commenced by a private party.
*Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385. There being
no allegation in the affidavit that the defendant had property
within this state, or that the court had jurisdiction over the
subject-matter of the action, the appellant contends it did not
justify publication of summons, and that no jurisdiction was
obtained. Section 228, *supra*, expressly requires a statement
in the affidavit of the existence of at least one of the cases in
the section mentioned. Subdivision 6 applies to the foreclosure
of a tax lien, and the affidavit therefore should have stated,
not only that the defendant was a nonresident of the state of
Washington, but also that he had property therein, and that
the court had jurisdiction of the subject-matter of the action.
An attempted affidavit for service by publication which en-
tirely omits allegations expressly required by the statute is
without vitality or force, and when filed leaves the party, on
whose behalf it is made, in no better position than if no affi-
davit had been filed. In *McManus v. Morgan*, 38 Wash. 528,
80 Pac. 786, a similar action, our holding was substantially
to this effect. Where jurisdiction of a defendant depends

upon service by publication, the making of the affidavit for publication, in strict compliance with the statute, is as essential to obtaining such jurisdiction as the publication of the summons itself, and an affidavit which does not contain all the statements specifically required by the statute is not sufficient to authorize publication of summons or confer jurisdiction. In *Gilmore v. Lampman*, 86 Minn. 493, 90 N. W. 1113, 91 Am. St. 373, the supreme court of Minnesota, commenting upon a section of the code of that state, substantially the same as § 228, *supra*, observed:

"In this case the affidavits themselves were wholly deficient because they did not state that respondent had property in the state of Minnesota. The affidavit itself is the prerequisite upon which jurisdiction is based, and it must contain and state positively all of the facts required by the statute. When a proceeding is commenced to obtain service by publication, the defendant has the right to examine the affidavit on file, and to govern his conduct accordingly. It is immaterial that the complaint contains the information wanting in the affidavit, for the interested party is not required to examine the complaint to ascertain the facts. Whatever may have been the holdings in some jurisdictions, we know of no case where, under a similar statute, it has been held that the affidavit may be aided by reference to other papers of record. It has become the well recognized and settled rule in this state that the affidavit must be complete in itself as to all material matters, and we hold that the affidavits in question are insufficient, and did not confer jurisdiction."

The complaint in this action pleads *in haec verba* the only affidavit filed in the tax foreclosure proceedings, and in substance alleged that the only attempted service was one by publication based thereon. The tax foreclosure was not prosecuted by the county but by a private individual. The affidavit was not sufficient. The complaint therefore stated a cause of action.

Reversed and remanded with instructions to overrule the demurrer.

DUNBAR, C. J., and MORRIS, J., concur.

RUDKIN, J. (dissenting)—I dissent.  Section 228, Rem. & Bal. Code, provides that,

"When the defendant cannot be found within the state (of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is *prima facie* evidence), and upon the filing of an affidavit of the plaintiff, his agent or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons and complaint in the postoffice, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in either of the following cases:  .  .  .  .

"6.   When the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the county where the action is brought, or satisfy or redeem from the same;  .  .  .  ."

The specific objection urged against the affidavit under consideration, is its failure to allege that the tax foreclosure proceeding was an action to foreclose a lien against real property situate in the county where the action was brought—a fact that of necessity appeared on the face of the verified complaint in that action.  I am willing to concede that statutes authorizing the service of summons by publication must be strictly construed, but it seems to me the purpose of the affidavit is fully satisfied when the jurisdictional facts appear elsewhere in the record.  Many of the matters set forth in the seven subdivisions of § 228, *supra*, do not ordinarily appear on the face of the record, and as to these the statute is mandatory, but I cannot yield my assent to the proposition that the mere failure of the affidavit to state that the action is one to foreclose a lien on real property, when such fact of necessity already appears of record, is fatal to the jurisdiction of the court; for the jurisdiction depends upon the character of the action as disclosed by the entire record, and not upon the simple averments of the affidavit.

It has frequently been held that informal or defective affidavits for attachments, or for service by publication, are aided and supplemented by verified complaints, and it seems to me that this rule is a sound one, especially as to mere formal matters, such as the nature of the action of which the complaint itself is the best and primary evidence. 1 Wade on Attachment, § 63; 4 Cyc. 470; 17 Ency. Plead. & Prac. 76. In *Stiles v. James*, 2 Wash. Ter. 194, 2 Pac. 188, it was held that failure of the complaint to allege that the property or some part thereof was, at the time of the commencement of the action, in the county in which the action was brought, was aided by the sheriff's return showing that fact. In *Coleman v. Cravens*, 41 Wash. 1, 82 Pac. 1005, it was contended that notice of an application for the appointment of a guardian was insufficient for the reason that no affidavit of nonresidence was filed, but in answer to this contention the court said:

"The statute provides that, upon the presentation of a petition, the court shall cause notice to be served on the insane person and on the person having the care, custody, and control of such insane person. Laws 1903, p. 242, § 1. The verified petition should set forth the residence of the insane person so that the court may cause the proper notice to be given. That was done in this case, the petition was duly verified, and the necessity for filing a second affidavit setting forth the same facts is not apparent."

True, in that case the statute did not require an affidavit of nonresidence, but it did require that the fact of nonresidence should appear, and while the nature of the action should appear of record, why it should appear more than once, or why a failure to have it so appear should defeat the jurisdiction of the court, I confess I do not know.

The judgment of the court below should be affirmed.

CHADWICK, J., concurs with RUDKIN, J.