[No. 9470. Department Two. June 5, 1911.]

THERESE LUTKENS *et al., Respondents,* v. J. W. YOUNG,
*Appellant.*[1]

PROCESS—SERVICE BY PUBLICATION—JURISDICTION—AFFIDAVITS. A
service by publication without mailing copies to the defendant does
not confer jurisdiction unless it is stated in the affidavit for publi-
cation that defendant's residence is not known.

SAME—AMENDMENT OF DEFECTS. The failure of an affidavit for
publication to state that the residence of the defendant was not
known, where copies were not mailed, being a jurisdictional defect,
is not capable of amendment after judgment by the filing of another
affidavit.

JUDGMENT—RECITALS—JURISDICTION—PROCESS. Recitals in a judg-
ment of due service by publication, "after filing of an affidavit for
publication by the attorney for the plaintiff," are not sufficient to
overcome jurisdictional defects appearing on the face of the affi-
davit for publication, where there was a subsequent affidavit of the
plaintiff's attorney affirmatively pointing out the defect and making
it appear that there was no other affidavit in the record to confer
jurisdiction.

SAME—PRESUMPTION OF JURISDICTION. The presumption of due
service of process from recitals in the judgment is only *prima facie*
and may be overcome by an affirmative showing.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered October 3, 1910, in favor of the
plaintiffs, after a trial on the merits before the court without
a jury, in an action to quite title. Reversed.

*Reynolds & Stewart,* for appellant.

*Forney & Ponder* and *Hayden & Langhorne,* for respond-
ents.

MORRIS, J.—In this action the respondents sought to quiet
title as against appellant, and being successful in the lower
court, we are asked to review the judgment upon assignments
of error, one of which is jurisdictional and, if allowed, defeats
the judgment.

[1]Reported in 115 Pac. 1038.

Appellant, who had obtained his title to the property in
controversy through a sheriff's deed under an execution ob-
tained upon a judgment against Fred W. Muller, attacked
a judgment of foreclosure of mortgage under which respond-
ents claimed to derive title, by claiming in his answer that the
judgment was invalid in that no jurisdiction was obtained
over Fred W. Muller, the mortgagor, such jurisdiction being
based upon a service by publication in which the affidavit re-
quired by the statute was fatally defective, in failing to state
that the residence of said Muller was not known to the affiant,
as required by Rem. & Bal. Code, § 228, which requires,
among other provisions, that the affidavit in such cases must
not only show the nonresidence of the defendant, which may
be shown upon belief, or that the defendant cannot be found
within the state, but must further state that a copy of the
summons and complaint has been deposited in the post office,
directed to the defendant at his place of residence, unless it is
stated in the affidavit that such residence is not known.

It is the rule in this state, as in most others, that, where
jurisdiction is sought to be obtained through a service by
publication, the affidavit required by the statute shall be in
strict compliance with all the statutory requirements, and
that an affidavit which fails in any of these essentials will not
support a publication of summons, nor confer jurisdiction
through such publication; *McManus v. Morgan*, 38 Wash.
528, 80 Pac. 786; *Felsinger v. Quinn*, 62 Wash. 183, 113
Pac. 275; the reason for such a rule being that, construc-
tive service being of purely statutory creation and in deroga-
tion of the common law, the statutes authorizing such service
must be strictly pursued in order to confer jurisdiction. *Wick
v. Rea*, 54 Wash. 424, 103 Pac. 462, and cases cited.

Respondents attempt to meet this situation, (1) by show-
ing that, some two years after the defective affidavit was filed
and sixteen months after the entry of judgment, an amended
affidavit was filed, reciting that on October 8, 1907, the date
of the first affidavit, the affiant did not know the residence of

Fred Muller and so intended to state, but through inadvertence failed to do so. It does not appear to us that this is a defect that can be remedied by amendment. The jurisdiction of the court depended upon a substituted service, which was no service unless the statutory requirements and essentials affecting it had been fully complied with. The court had no jurisdiction from the beginning, and this jurisdiction could not be conferred by amendment so long after the entry of judgment. *Ladenburg v. Commercial Bank of Newfoundland*, 33 N. Y. Supp. 821; *Foster v. Electric Heat Regulator Co.*, 37 N. Y. Supp. 1063; *Ellis v. Fletcher*, 40 Mich. 321; *Thompson v. Moore*, 12 Ky. Law 664, 15 S. W. 6, 358.

There are many defects that sometimes affect judgments that may be cured by amendment; such as the affidavit or return of service, because jurisdiction is obtained from the service itself and not from the proof of service. So the affidavit of publication of summons, or other errors or defects in the record, however important a part of the record, may be cured by amendment when they occur through the act or omission of the clerk of the court in entering, or in failing to enter, of record; and many other like matters might be cited in which the right to amend is recognized. Freeman, Judgments, §§ 71, 89b; 32 Cyc. 540.

But we know of no instance, where jurisdiction is lacking, where it is held that jurisdiction may be conferred by amendment. It was held by us in *Felsinger v. Quinn, supra,* in adopting the rule as announced in *Gilmore v. Lampman*, 86 Minn. 493, 90 N. W. 1113, 91 Am. St. 373, in construing a similar statute, that the affidavit must be complete in itself as to all material matters, and cannot be aided by reference to other papers of record. Respondents cite cases from Kansas where amendments to the affidavit for publication have been permitted, and an examination of those cases and others from the same state shows such to be the rule in that state.

In *Harris v. Claflin*, 36 Kan. 543, 13 Pac. 830, it is said that
the rule there adopted is:

"If there is a total want of evidence upon a vital point in
the affidavit, the court acquires no jurisdiction by publica-
tion of the summons; but where there is not an entire omis-
sion to state some material fact, but it is inferentially or in-
sufficiently set forth, the proceedings are merely voidable;"

and in the latter cases the defect may be cured by permitting
an amended affidavit to be filed. The affidavit before us
failed to show the mailing of a copy of the summons and com-
plaint. It was silent as to the residence of Muller not being
known, so as to excuse the mailing of such copies, as de-
manded by the statute, except such residence be unknown. It
was therefore within the Kansas rule, in that there was "a
total want of evidence upon a vital point," and hence, under
those authorities, no jurisdiction was conferred, and the judg-
ment was void.

It is next contended that the defect is cured by the recitals
in the judgment of due and legal service of summons by pub-
lication, "after filing of an affidavit for publication by the
attorney for the plaintiff, stating the matters required by
statute;" and citation is made of the many authorities in this
state where it has been held that such recitals cured alleged
defects in the judgment. It will be found, however, that
such a rule has only been announced where there was nothing
in the record to contradict the recitals of the judgment, and
the judgment was being collaterally attacked.

"Under this rule the evidence upon which the court based
its finding need not appear affirmatively in the record. It is
enough if the contrary does not appear." *Wick v. Rea,*
*supra.*

citing the cases relied upon by respondents. It is likewise
said in that case:

"The converse of this rule follows, and is sustained by the
same authorities. So that, although the judgment recites
jurisdiction, if a want of jurisdiction affirmatively appears

upon the face of the whole record, the judgment will be held to be void upon collateral as well as direct attack."

So that, as in *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20, the recital of due service is not contradicted by merely showing that a summons which was legally insufficient had in fact been published, where it appeared there was ample time after the completion of such publication for another and sufficient summons to have been issued; and in the absence of any evidence, this court would presume, in aid of the judgment and as against collateral attack, that such was the fact.

"Every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it." *Munch v. McLaren*, 9 Wash. 676, 38 Pac. 205.

In *Christofferson v. Pfennig*, 16 Wash. 491, 48 Pac. 264, upon which respondent strongly relies, the publication of summons was based upon an affidavit of F. S. Blattner, as attorney for plaintiff, to the effect that he did not know where the defendant resided. It was contended that, as the plaintiff had several other attorneys of record, and there was nothing to show that they did not know, or that the plaintiff did not know, where the defendant resided, the showing was insufficient. The court said that the recital of due service created a presumption of valid service, and we would be bound to presume that other and sufficient affidavits were filed. So in all the cases where this rule has been applied there was no affirmative showing to contradict the recitals of the judgment, and that has been the controlling reason why such recitals have been given effect by the court. In this case the recitals are contradicted by an affirmative showing in the record. That the defective affidavit was the only affidavit, and the one relied upon to obtain service by publication, is affirmatively shown when the attorney for respondent, confessing its insufficiency to support a valid publication, attempts to

remedy the defect. We cannot then presume, as in the *Christofferson* case, that there were other and sufficient affidavits filed, when the attorney who made and filed the first affidavit, and who is presumed to know the record upon which he obtains his judgments, makes it to appear that there is no other affidavit, and that the one first relied upon is insufficient to confer jurisdiction. The presumption of due service from recitals being only *prima facie*, *Holly v. Munro*, 55 Wash. 311, 104 Pac. 508, 133 Am. St. 1028, is overcome by an affirmative showing.

We are, therefore, of the opinion that the judgment under which respondent claims title was void, and the judgment herein is for such reason reversed.

CROW, CHADWICK, and ELLIS, JJ., concur.