[No. 13354.   Department Two.   July 10, 1916.]

Gussie E. Pullman, *Appellant*, v. Max M. Pullman, *Respondent.*[1]

Process—Service by Publication—Grounds—Divorce—Vacation of Decree—Actions.  Service of summons by publication is not authorized in an independent action to vacate a decree of divorce which had become final, and to obtain a money judgment, where the affidavit for publication did not state the existence of any of the cases specified in Rem. & Bal. Code, § 228, authorizing service by publication, as the action is not for a divorce within subd. 4 of said section.

Appeal from a judgment of the superior court for King county, Jurey, J., entered July 16, 1915, upon findings in favor of the defendant, in an action to vacate a decree of divorce and for support.   Affirmed.

*Walter S. Fulton*, for appellant.

*Jones & Riddell*, for respondent.

Holcomb, J.—In a former suit in the superior court for King county, wherein the present respondent was plaintiff and the present appellant defendant, there was a decree of divorce granted respondent in the year 1910, upon service of summons upon appellant by publication.   Thereafter appellant moved to set aside the decree in that action upon the ground that it had been improvidently granted.   She appeared by attorneys in behalf of the motion to set aside the decree, a hearing was had, and the decree was reinstated March 30, 1912.   Thereafter another attempt was made in that action by appellant to modify or set aside the decree therein and for relief for herself, which application was denied, and the original decree of divorce again confirmed.   On March 16, 1915, appellant began this independent action for the purpose of having the decree of divorce in that action vacated and set aside, on the ground that it was obtained by fraud

[1]Reported in 158 Pac. 746.

because of the failure of the plaintiff in that action to serve
the defendant therein with process, as required by law, or
at all; and for the further relief of a money judgment in the
sum of $3,500 alleged to have been theretofore expended by
plaintiff for the support and maintenance of the children of
the parties; that defendant in this action be required to con-
tribute future monthly sums for the support and mainte-
nance of the children, and for other and further equitable
and proper relief, including attorney's fees and suit money.
A return of not found was made to a personal twenty-day
summons and complaint, by the sheriff of King county.
Service of summons was had in this action by publication.
In the affidavit for publication, it was set forth that plain-
tiff had brought her action in the superior court for King
county to vacate, annul, and set aside the decree in a certain
cause No. 75336, entered on March 30, 1912, in that court,
on the ground of failure to serve summons as required by
law, or at all, and for further personal and money judgment
against the defendant; and in substance that affiant believes
that defendant is not a resident of the state of Washington
and cannot be found therein; that defendant's last place of
residence known to affiant is Los Angeles, California; that
defendant's exact address in said state is unknown to affiant,
and that defendant's last post office address known to affiant
is "Care of General Delivery, Los Angeles, California;" that
affiant has deposited a copy of the summons and complaint
herein in the United States post office at Seattle, Washing-
ton, with postage prepaid, and directed to the defendant at
his place of residence and post office address last known to
affiant, to wit: Los Angeles, California, care of General De-
livery. It is shown that the copy of the summons deposited
in the post office addressed to the defendant was a twenty-
day personal summons and not a sixty-day publication sum-
mons. Defendant failed to appear in this action in the
court below. His default was entered, a hearing was had,
and the court then entered judgment setting aside the former

decree of divorce and granting a money judgment to plaintiff as prayed in her complaint. Shortly after, respondent appeared specially and moved to set aside the decree annulling and vacating the former decree of divorce, for irregularity in obtaining the judgment or order and for fraud practiced by the successful party [appellant] in obtaining the judgment or order; and in support thereof made a showing to the court that no summons or complaint had been regularly or properly served upon the defendant in that action, and plaintiff had misled the court into executing a judgment without advising the court of the facts upon which it was based; which motion was supported by affidavit. On hearing upon this motion, the court below set aside the decree theretofore entered vacating and annulling the decree of divorce, and reinstated the decree of divorce. From this final order, plaintiff appealed.

The ground upon which the trial court set aside his former decree vacating the divorce decree seems to have been, briefly, that the copy of summons mailed by plaintiff was a twenty-day summons instead of a sixty-day summons which is required for publication of summons. Appellant insists principally that the trial court should have granted a hearing upon the allegations contained in her complaint, and that the trial court erred in concluding that the proceedings to set aside the decree of divorce were insufficient.

Without noticing any of the other contentions, it seems clear that the law of this state does not authorize the beginning of an action for the vacation of a decree and service of summons thereof by publication. Appellant's action sought two remedies, (1) to vacate and set aside the former decree of divorce, and (2) to obtain a judgment in her favor for a specific sum of money and for further relief for the children of the parties. The law authorizes service by publication of summons in a divorce action, and it is contended by appellant that this is substantially a divorce action. That contention cannot be sustained, for the divorce action

is manifestly ended. It was tried upon one or more occasions on what purported to be the law and the facts. If there was any irregularity in proceeding in that action which showed on the face of the record, the proper method of attacking the judgment under our code was by motion. If there was no irregularity appearing upon the face of the proceedings, the judgment could be attacked by petition within one year. It was attacked by petition and there seems to have been a hearing and adjudication of that petition. After the expiration of the one year, a judgment can be attacked upon the ground of fraud of the successful party in procuring the same by an independent action, as has been held in numerous cases.

The statute providing for service of summons by publication contains seven subdivisions specifying in what cases such service may be had, as follows:

"(1)  When the defendant is a foreign corporation, and has property within the state;

"(2)  When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent;

"(3)  When the defendant is not a resident of the state, but has property therein and the court has jurisdiction of the subject of the action;

"(4)  When the action is for divorce in the cases prescribed by law;

"(5)  When the subject of the action is real or personal property in this state, and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly, or partly, in excluding the defendant from any interest or lien therein;

"(6)  When the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the county . . .;

"(7)  When the action is against any corporation, whether private or municipal, organized under the laws of this state and the proper officers on whom to make service do not exist or cannot be found." Rem. & Bal. Code, § 228.

The divorce action having been ended, the decree having become final, no appeal therefrom having been taken by any of the parties within the time required by law, this is not a divorce action. It does not, therefore, come within the fourth subdivision of § 228. Nor does the affidavit for service of summons by publication bring it within any of the other subdivisions. It failed to state the existence of any one of the causes specified in § 228. We think the case is governed by our decisions in *Felsinger v. Quinn*, 62 Wash. 183, 113 Pac. 275; *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385; and *Lutkens v. Young*, 63 Wash. 452, 115 Pac. 1038. The court was without jurisdiction, therefore, upon such attempted process, to annul and set aside the former decree of divorce. Affirmed.

MORRIS, C. J., MAIN, PARKER, and BAUSMAN, JJ., concur.