[No. 15820.    Department Two.    July 7, 1920.]

FLORENCE BURNS (formerly Florence Stolze), Appellant, v. IDA M. STOLZE, Respondent.[1]

ACTIONS (31)—COMMENCEMENT—SERVICE OF SUMMONS WITHOUT FILING COMPLAINT—STATUTES. Failure to serve a summons within 90 days after filing the complaint, as provided by Rem. Code, § 321, does not lose the cause of action; and service of a summons thereafter is the commencement of a new action dating from the day of service.

PROCESS (25)—SERVICE BY PUBLICATION—AFFIDAVIT. Jurisdiction of a non-resident is not acquired by service of a summons by publication, where the affidavit for publication failed to state the existence of any of the grounds specified, as required by Rem. Code, § 228.

JUDGMENTS (156)—PROCESS (41)—COLLATERAL ATTACK—PRESUMPTIONS—RECITALS IN JUDGMENT. A recital in a default judgment of due service of summons, raises a presumption of jurisdiction notwithstanding a defective affidavit for publication shown by the record; but such presumption is overcome by an allegation and admission that the defendant was at all times a non-resident of the state and that the only service of process was by publication based upon the defective affidavit in the record.

APPEAL (375)—REVIEW—MATTERS NOT BEFORE TRIAL COURT. A jurisdictional objection to the validity of a judgment may be raised at any time, and will be decided by the supreme court although not pressed to the attention of the trial court.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 2, 1920, in favor of the defendant, in an action to vacate a judgment, tried to the court.  Reversed.

[1]Reported in 191 Pac. 642.

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.
*P. L. Pendleton,* for respondent.

BRIDGES, J.—Prior to July 17, 1919, Ida M. Stolze, the respondent here, brought suit in the superior court of Pierce county, Washington, against Florence Stolze (now by marriage Florence Burns), the appellant here, to set aside a certain deed theretofore made to her, covering lots 1 to 8, inclusive, block 26, Cascade Park addition to the city of Tacoma, Washington, and to quiet title in her, Ida M. Stolze. Thereafter the court entered judgment by default in her favor against Florence Stolze, cancelling and annulling the deed mentioned and quieting title as prayed. This is an independent suit or proceeding in equity by Florence Burns to vacate and set aside the judgment so made.

In her petition to vacate she alleged, among other things, the commencement of the suit above mentioned and the entry of the judgment therein by default; that, during all the times mentioned, she was absent from the state of Washington and not a resident thereof; that there was in said original action a publication of summons against her, and that no service was ever made upon her except by publication of summons. The petition then proceeds to set out various excuses why she did not appear and defend. The respondent, Ida M. Stolze, answered this petition and, among other things, admitted the allegations to the effect that Florence Stolze was a nonresident of the state of Washington and during all of the times mentioned she was not therein, and that no service was had upon her in the original action other than by publication of summons. Later, the respondent demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action or to justify any relief, and at the time of serving and filing the

demurrer, she moved the court for permission to withdraw her answer for the purpose of interposing the demurrer. The record fails to show any order of the court permitting the withdrawal of the answer, or any order on the demurrer. The court proceeded to hear the case and take testimony upon the pleadings as indicated. After such trial and hearing, the court made a judgment denying the petition to vacate, from which Florence Burns has appealed.

The trial court was of the opinion that no sufficient excuse had been shown for failure to appear and defend the action, and in this conclusion we concur, if it be determined that appellant was properly brought into court.

The appellant, however, contends that the judgment was void because the court did not have any jurisdiction to enter it. This contention is based largely upon two grounds: first, because the summons was not served or published within ninety days after the filing of the complaint; second, because the affidavit for publication of summons was defective. The first objection cannot be sustained. *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049; *State ex rel. Teeter v. Superior Court,* 110 Wash. 255, 188 Pac. 391. The second ground for reversal is of a more serious nature. Section 228, Rem. Code, provides that, when the defendant cannot be found within the state, and upon affidavit being made and filed to the effect that the defendant is not a resident of the state or cannot be found therein, and that a copy of the summons had been mailed to him at his place of residence, if known, "and stating the existence of one of the cases hereinafter specified," the service of summons may be by publication thereof. The statute sets out seven instances where the service may be by publication. The affidavit in this case fails to state the existence of facts contained in any one of

the seven grounds, and for this reason it is contended
that the court did not obtain jurisdiction.

In the case of *Felsinger v. Quinn*, 62 Wash. 183, 113
Pac. 275, in discussing this identical question, we said:

"An attempted affidavit for service by publication
which entirely omits allegations expressly required by
the statute is without vitality or force, and when filed
leaves the party, on whose behalf it is made, in no
better position than if no affidavit had been filed. . . .
Where jurisdiction of a defendant depends upon serv-
ice by publication, the making of the affidavit for pub-
lication, in strict compliance with the statute, is as
essential to obtaining such jurisdiction as the publica-
tion of the summons itself, and an affidavit which does
not contain all the statements specifically required by
the statute is not sufficient to authorize publication of
summons or confer jurisdiction."

See, also, *Lutkens v. Young*, 63 Wash. 452, 115 Pac.
1038; *Pullman v. Pullman*, 92 Wash. 120, 158 Pac. 746.

Plainly, the affidavit in this instance did not comply
with the statute and was insufficient to authorize a
legal publication of summons. But the respondent at-
tempts to meet this situation by showing that the judg-
ment sought to be vacated recited the default of the
defendant, appellant here, and "that the summons in
said action was served on the defendant in the manner
provided by law," and contends that, under the pre-
vious decisions of this court, such a recital in the judg-
ment is sufficient to show that the court obtained juris-
diction in some manner. This court has consistently
held that recitals in a judgment that due and legal
service of process had been made as provided by law
will overcome any previous showing in the record of
defective or insufficient service, and if one would over-
come the presumption of jurisdiction resulting from
such recitals, he must make some showing that the

only service on him was the defective service shown in the record.

In the case of *Nolan v. Arnot,* 36 Wash. 101, 78 Pac. 463, this court, discussing the question involved here, said:

"It has been the uniform holding of this court that the recitation in a judgment of jurisdictional facts, sufficient to give the court jurisdiction to pronounce the judgment, is proof of such jurisdiction."

In the case of *Peterson v. Lara,* 46 Wash. 448, 90 Pac. 596, the identical question involved here was discussed and we there said:

"If it be conceded that the affidavit for service by publication was defective, and this is the only objection urged against the jurisdiction, yet the judgment recites that due service of process was made, and in such cases the presumption of jurisdiction is not overcome by any defects in the record."

In the case of *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067, it was said:

"The judgment shows upon its face that the defendants had been served as required by law. In order to avoid the judgment, it devolved upon the respondent to show that no legal service was made, and that the court had no jurisdiction."

The doctrine thus established has been followed by this court in a great many cases. It follows, therefore, that the judgment here is not necessarily void simply because the affidavit in the record, and upon which publication of summons was based, is fatally defective. But the testimony showed that appellant was at all times a nonresident of the state, and the petition for the vacation of the judgment alleged that, at all times, she was a nonresident of the state, and "that the complaint in said action was filed January 15, 1919, summons by publication commenced May 6, 1919, and no

service was made upon this defendant therein other than by said service of publication," and the answer to this petition admitted that allegation of the petition. We think that the petition and the answer thereto read together show conclusively that the only attempt to bring the petitioner into court in the original case was by virtue of the published summons, based upon the defective affidavit. It is true that, after this answer was filed and served, the respondent asked permission of the court to withdraw it for the purpose of interposing a demurrer, and that a demurrer was interposed; but the record does not show any disposition of the demurrer, but does show that the case proceeded to trial upon its merits by the taking of oral testimony. Manifestly, the demurrer was waived and the case was heard upon the petition and answer. In no event was the demurrer well taken, because it necessarily admitted the truth of the statement in the petition that no other service had been made except such as is shown in the files of the case. In addition to this, the certificate of the court to the statement of facts recites that the affidavit for publication found in the files was the "only affidavit for publication of summons on file in said cause and the affidavit upon which the judgment sought to be vacated rests." This condition of the record is sufficient to overcome the presumption of jurisdiction as a result of the judgment recitals. *Holly v. Monro,* 55 Wash. 311, 104 Pac. 508; *Hembree v. MacFarland,* 55 Wash. 605, 104 Pac. 837; *Bauer v. Widholm,* 49 Wash. 310, 95 Pac. 277; *Gould v. White,* 54 Wash. 394, 103 Pac. 460.

We do not find any merit in the respondent's motion to strike the briefs herein.

The record seems to indicate that the jurisdictional question which we have discussed was not pressed on the attention of the trial court. However, the question

is involved, and if the judgment is void it may be attacked at any time, and it is necessary that we determine the question, although it may not have been called particularly to the attention of the trial court.

The judgment of the lower court is reversed, and the cause is remanded with directions to the trial court to make a judgment vacating the default judgment in question.

HOLCOMB, C. J., FULLERTON, MOUNT, and TOLMAN, JJ., concur.