[No. 10554-3-II.  Division Two.  August 17, 1988.]

LONGVIEW FIBRE COMPANY, *Respondent,* v. JOHN STOKES, ET AL, *Appellants.*

*Dennis W. Jordan,* for appellants.

*William L. Dowell,* for respondent.

ALEXANDER, A.C.J.—John Stokes appeals an order of the Cowlitz County Superior Court denying his motion to vacate a default judgment and confirming a real estate mortgage foreclosure sale. He contends that the trial court improperly authorized service of a summons on him by publication and that, as a consequence, the trial court did not acquire jurisdiction over him. We agree and reverse the trial court.

The facts are not in dispute. In November 1985, the Longview Fibre Company, as mortgagee, brought suit in Cowlitz County Superior Court to foreclose a real estate mortgage. Longview named Stokes as a defendant, claiming that he had a beneficial interest in the mortgaged real estate that was inferior to the interest of Longview.

Stokes was not personally served with a summons and complaint. Longview obtained an order from the Superior Court for service of a summons on him by publication, however. Longview supported its motion with an affidavit of its attorney, who stated that "although a diligent effort has been made to find and serve" Stokes, he could not be found, and that he "may not" be a resident of the state of Washington.

Publication of the summons was carried out, and on March 13, 1986, because Stokes had not appeared, a default order was duly entered. Ultimately, the Superior Court entered a default judgment against Stokes concluding that his interest in the real property was subordinate to Longview's interest. The trial court then scheduled a public sale of the property for September 12, 1986. On September 4, Stokes called Longview's attorney and indicated that he had just learned of the foreclosure proceeding. Longview's

attorney advised Stokes of the date of the impending fore-closure sale; however, the foreclosure sale went forward as scheduled. Stokes did not appear at the sale, but afterward promptly moved to vacate the default judgment. The par-ties agreed that entry of an order confirming the foreclosure sale would be delayed until the court heard argument on Stokes' motion to vacate.

In response to Stokes' motion to vacate, Longview pre-sented an affidavit of the Chief Civil Deputy Sheriff of Cowlitz County, who indicated that before issuing the return of service, she checked "the local telephone direc-tory, the city directory (for Cowlitz County), and the Cow-litz County PUD" and could find no address for John Stokes in Cowlitz County "or elsewhere for that matter."[1] The trial court denied Stokes' motion and entered an order confirming the foreclosure sale.

The sole issue on appeal is whether or not the trial court erred in denying Stokes' motion to vacate the default judg-ment. The answer to that question turns on whether juris-diction was acquired over Stokes by service of the summons by publication.

■ Service of a summons by publication is authorized in certain instances. RCW 4.28.100. The statute provides, in pertinent part:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the

---

[1]Attached to the Civil Deputy Sheriff's affidavit is a document entitled "Sher-iff's Return of Service." The return was signed by the same deputy sheriff who submitted the affidavit and it recited that "I am unable to find John Stokes; that I return said Summons without service upon said defendant because we could not find a current address for him in Cowlitz County." Although the return predates the entry of the order for publication, there is no indication that it was filed with the court clerk or that it was shown to the trial judge before the order for publi-cation was entered.

post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

. . .

(5) When the subject of the action is real or personal property in this state, and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly, or partly, in excluding the defendant from any interest or lien therein;

(6) When the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the county where the action is brought, or satisfy or redeem from the same;

In order for jurisdiction to attach when a summons is served by publication, there must be strict compliance with the statute. *Davis v. Woollen,* 191 Wash. 379, 71 P.2d 172 (1937); *Schmelling v. Hoffman,* 111 Wash. 408, 191 P. 618 (1920); *State ex rel. Hopman v. Superior Court,* 88 Wash. 612, 153 P. 315 (1915); *Felsinger v. Quinn,* 62 Wash. 183, 113 P. 275 (1911); *Thompson v. Robbins,* 32 Wash. 149, 72 P. 1043 (1903); *State ex rel. Boyd v. Superior Court,* 6 Wash. 352, 33 P. 827 (1893). When there is a recital in a default judgment that proper service of process has occurred, a presumption of jurisdiction arises, but such presumption may be overcome by showing that publication was based on a defective affidavit. *Burns v. Stolze,* 111 Wash. 392, 191 P. 642 (1920).

Recently, in *Painter v. Olney,* 37 Wn. App. 424, 427, 680 P.2d 1066, *review denied,* 102 Wn.2d 1002 (1984), Division One of this court reiterated the rule regarding the acquiring of jurisdiction by substituted service, as follows:

First and basic to any litigation is jurisdiction. First and basic to jurisdiction is service of process. Statutes authorizing service by means other than personal service, *i.e.,* constructive and substituted service, require strict compliance.

A judgment entered without valid service is void and may be vacated when the want of jurisdiction is established by evidence. *John Hancock Mut. Life Ins. Co. v. Gooley,* 196 Wash. 357, 83 P.2d 221, 118 A.L.R. 1484 (1938). Whether there has been strict compliance with the publication statute so as to confer jurisdiction by publication of summons has been determined on a case–by–case basis. However, a central theme emerging from the cases appears to be that while not all conceivable means of personal service have to be exhausted before service by publication is authorized, there must have been an honest and "reasonable effort" to find the defendant. *See Painter v. Olney, supra.*

Was there such an effort here? There was not. RCW 4.28.100 provides that an order for publication can be obtained where a defendant cannot be found in the "state."[2] The information provided to the trial court here only disclosed that Stokes could not be found in Cowlitz County. It goes without saying that the state of Washington is much larger than Cowlitz County, and the fact that he cannot be found in that county sheds little light on the question of whether or not he reasonably can be found in the state. In light of the total lack of information provided to the trial court concerning the efforts to find Stokes in the state, it is clear that there was an insufficient showing to warrant service by publication. Longview was not entitled to an order authorizing service on Stokes by publication, and, consequently, the trial court did not acquire jurisdiction over Stokes by such service. The motion to vacate should have been granted.[3]

---

[2]Significantly, RCW 4.28.100 was amended in Laws of 1981, ch. 331, § 13. The effect of the amendment was to delete the italicized language from the statute.

"When the defendant cannot be found within the state *(of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is prima facie evidence)*". (Italics ours.)

[3]Counsel for Longview concedes that if the trial court did not acquire jurisdiction, it is unnecessary for the party seeking to vacate the default judgment to

We reverse.

PETRICH and WORSWICK, JJ., concur.

---

show, as a condition precedent to obtaining an order vacating the default, that he
has a meritorious defense.