[No. 15822. Department Two. July 7, 1920.]

C. R. STOLZE et al., Appellants, v. IDA M. STOLZE et al., Respondents.[1]

Appeal from an order of the superior court for Pierce county, Card, J., entered February 11, 1920, denying a motion to vacate a judgment, after a hearing before the court. Reversed.

Guy E. Kelly and Thomas McMahon, for appellants.

P. L. Pendleton, for respondents.

BRIDGES, J.—Sometime prior to April 23, 1919, the respondent, Ida M. Stolze, instituted suit in the superior court of Pierce county, Washington, against the appellants here and defendant North Pacific Bank. None of the defendants in that case appeared except the North Pacific Bank. While the complaint in that action is not before us, it may be gleaned, however, from the record that Ida M. Stolze and C. R. Stolze were husband and wife, and Florence Stolze (now by marriage Florence Burns), was the daughter of C. R. Stolze by a former marriage; that the plaintiff, Ida M. Stolze, sought judgment against her husband for separate maintenance and support; that, prior to the commencement of the suit, the plaintiff and her husband had entered into three written contracts for the sale of certain real property, which contracts were placed in escrow with the defendant bank, which was to collect the various deferred payments, and that, at the same time, deeds were made and deposited in escrow with the bank to be delivered to the purchasers when full payment had been made, and that thereafter C. R. Stolze assigned these contracts to his daughter, Florence Burns, nee Stolze, and authorized her to collect from the bank any and all payments thereafter made upon them. On April 23, 1919, judgment by default was entered in that cause in favor of the plaintiff therein, Ida M. Stolze, wherein she was awarded separate maintenance and support, and which cancelled the assignments of the contracts made by C. R. Stolze to his daughter Florence; and adjudged that the plaintiff, Ida M. Stolze, and her husband, C. R. Stolze, were the owners and entitled to receive the payments to be made on account of such contracts, and it directed the bank to transfer such accounts on its books and place the same to the credit of C. R. Stolze and wife, the plaintiff herein. The plaintiff was also given a judgment against her husband in the sum of $366.50. It further provided that the bank should deliver the contracts of sale and escrow deeds to the plaintiff, Ida M. Stolze.

After the entry of such judgment and during the month of August, 1919, C. R. Stolze and his daughter, Florence Burns, insti-

[1]Reported in 191 Pac. 644.

tuted this action against Ida M. Stolze and the North Pacific Bank, for the purpose of setting aside the judgment above mentioned in favor of Ida M. Stolze. The petition for vacation, while mentioning jurisdictional grounds, was mainly rested upon the merits of the case and presented excuses for not appearing in the action and defending the same. The respondent was duly brought into the action, but the record does not disclose whether service of summons or notice was made on the defendant North Pacific Bank. At any rate, that bank did not appear in the action. Later, Ida M. Stolze appeared and answered the petition to vacate. Still later, she demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action or to justify any relief, and at the same time she moved the court to be permitted to withdraw her answer for the purpose of interposing the demurrer. The record does not disclose any disposition of either the motion or the demurrer. Thereafter the matter came on for trial before the court and testimony was taken and the court, on the 11th of February, 1920, entered an order denying the motion to vacate the judgment. From this order the petitioners, C. R. Stolze and Florence Burns, have appealed.

This is a companion case with the case of *Burns v. Stolze, ante* p. 392, 191 Pac. 642, and the entire proceeding in this case is substantially the same as in the foregoing case. The affidavit for publication of summons contains the same defects; the petition for the vacation of the judgment, and the answer and demurrer to the petition are substantially the same as in the previous case, and this case was rested for the most part upon the testimony taken in that case. What is said in *Burns v. Stolze, supra,* is applicable to the facts and circumstances of this case, and the disposition of that case must control the disposition of this one. There we held that the court should have vacated the default judgment. We hold here that the default judgment in this case, in so far as it affects these appellants, should have been vacated and set aside.

The judgment is reversed, and the cause remanded with directions to the lower court to make and enter an order vacating and setting aside the judgment in the original case, in so far as it affects the appellants here.

FULLERTON, MOUNT, and TOLMAN, JJ., concur.