[No. 16858.   Department One.   April 10, 1922.]

IDA M. STOLZE, *Appellant*, v. C. R. STOLZE et al., *Respondents.*[1]

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered April 22, 1921, upon findings in favor of the defendants, in an action to cancel an assignment of contracts, and for other relief, tried to the court. Affirmed.

*P. L. Pendleton*, for appellant.
*Guy E. Kelly* and *Thomas MacMahon*, for respondents.

BRIDGES, J.—At the time of his marriage to the plaintiff, the defendant C. R. Stolze was the owner of certain real estate. Some years after his marriage, he entered into three separate contracts for the sale of such real estate to three separate parties. A part of

[1]Reported in 206 Pac. 1118.

the purchase price was paid by them in cash and the balance was to be paid in monthly installments. At the time of the execution of the contracts, three several deeds were made to the contract purchasers. These contracts and deeds were placed in escrow with the defendant North Pacific Bank, with power to collect the deferred payments provided for in the contracts, and when all such payments had been made, to deliver the several deeds to the persons respectively entitled to them. Thereafter the defendant C. R. Stolze assigned these contracts to Florence Burns, his daughter by a prior marriage. It would appear that the purpose of this action was to cancel and annul the assignments to Florence Burns of the three contracts, and for judgment against the defendant C. R. Stolze in various sums of money collected by him on account of such contracts, and on account of wages earned by him subsequent to his marriage with the plaintiff. After the commencement of this action, but before the trial of it, the defendant Stolze had begun suit against his wife, the plaintiff, for divorce. In that action Stolze was awarded a decree of divorce. The record shows that, in the early stages of this action, the plaintiff obtained a judgment by default against the defendants, and that the defendants instituted an action to set aside and vacate that judgment. On appeal we determined that such previous decree had been unlawfully entered because of lack of jurisdiction. *Stolze v. Stolze*, 111 Wash. 697, 191 Pac. 644. It further appears that the decree in the divorce action contained the following clause:

"It is further decreed, that in the event that the supreme court of the state of Washington should decide (in the case above mentioned) that there is property belonging to the community composed of plaintiff and defendant, the said question now being on appeal to the said supreme court and now pending therein, that the defendant shall have the right to apply to the court (in the divorce action) for a further and equitable share thereof, and attorneys' fees, jurisdiction for such purposes being hereby expressly reserved."

After the trial of this case, the court made findings of fact to the effect that the defendant C. R. Stolze was the owner in his separate right of all the real estate involved, and that the plaintiff, Mrs. Stolze, had no interest therein, and that the assignment of the several contracts for the sale of such property to the defendant Florence Burns was a valid and lawful assignment, and vested the title to such contracts in Florence Burns, free and clear of any rights of Mrs. Stolze thereto. The court further recites the facts concerning the divorce suit and the vacating and setting aside by this court of the judgment previously rendered in this action, and made a judgment to the effect that C. R. Stolze, at all times, was the owner of the tracts of land in his separate right, and that Florence Burns was the owner of the contracts for the sale of the lands, and that the plaintiff has no interest either in the lands or

the contracts.   The judgment further provided that the decree in the divorce suit bars the plaintiff here from litigating any alleged rights which accrued during or by virtue of the marriage relation, except the matters expressly reserved by the court in the decree of divorce, and that nothing in the judgment in this action shall be construed to be a bar to the plaintiff's application to the court in the divorce proceeding to establish a community interest in other property than the property particularly involved in this action.

The questions involved here are complicated chiefly because of the many suits between the parties to this action, and we do not see any good to be accomplished by going into further details concerning the facts.   Suffice it to say that a reading of the record convinces us that the judgment of the lower court was sustained by the evidence and should be affirmed.   It is so ordered.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.